ALLEN, ADAMS & Co., *Appellant, v.* JOHN HARRISON, *Appellee.*

*Evidence. Privileged communications to an attorney.*

It is competent, for the purpose of impeaching the testimony of a witness, to prove the declarations of the party introducing him and in whose favor he testified, that the witness had made a statement contradictory to that made by him upon the stand.

Communications in regard to the facts of a suit made to the attorney therein by one, who is a nominal party but has no interest in the suit, are not privileged from being disclosed in evidence.

ASSUMPSIT for money had and received. Plea, the general issue, and trial by jury.

Alanson Allen, one of the plaintiffs of record, was introduced as a witness by the plaintiffs, and testified that in April, 1852, the plaintiffs were indebted to one John Dewey, and that the defendant brought Allen a note in the defendant's favor against Dewey, dated December 19, 1851, which note the testimony introduced by the plaintiff tended to show had previously been paid by Dewey to the defendant, and told him that Dewey wished the plaintiffs to take up the note, and that, supposing it all right, he took it from the defendant and paid him the amount of it out of the plaintiffs' company funds. Allen on cross-examination expressly denied that he ever told Judge Kittredge that he did not know how he came in possession of the note. The plaintiffs' testimony also showed that about two years after this transaction and before the commencement of this suit, the plaintiffs dissolved their partnership, and

Allen assigned to the co-plaintiffs all his interest in all the affairs of the firm, and took a bond of indemnity for his security against all claims against the company.

The defendant testified that Dewey paid him the note in March, 1852, but denied that Allen either took the note from him or paid him anything thereon.

The defendant called the plaintiff Adams as a witness, and asked him if he had not said to Marcus B. Dewey, a son of John Dewey, "that Allen told him that he did not know how he came by the note in question," to which Adams replied in the negative. This question and answer were objected to by the plaintiffs, but the objection was overruled by the court, to which the plaintiffs excepted.

The defendant then called Marcus B. Dewey, who, against the plaintiffs' objection, was allowed to testify and did testify, substantially contradicting Adams' testimony. To the admission of Marcus B. Dewey's testimony the plaintiffs excepted.

It further appeared that after Allen had assigned his interest in the firm to the other plaintiffs, Judge Kittredge, in whose hands the plaintiffs' claim against the defendant had been left as an attorney for collection, had a conversation with Allen in regard to how he obtained possession of the note, and the defendant offered Judge Kittredge as a witness to prove the statements then made to him by Allen on that subject. The plaintiffs objected to the testimony of Judge Kittredge on this subject on the ground that such statements were privileged. The court overruled this objection and admitted Judge Kittredge's testimony as to Allen's statements to him. Exceptions by the plaintiffs.

*D. E. Nicholson*, for the plaintiffs.

*L. C. Kellogg*, for the defendant.

The opinion of the court was delivered by

PIERPOINT, J. The case shows that on the trial Alanson Allen was offered as a witness by the plaintiffs and testified. The defendant then offered to prove the declarations of one of the plaintiffs that the witness Allen had given a different relation of

the transaction testified to by him, than the one sworn to on the stand; this was objected to by the plaintiffs and admitted by the court.

That it was competent for the defendant to prove the fact, that the witness had given contradictory accounts of the transaction, for the purpose of impeaching his testimony, will not be questioned; the objection in this case can only be to the *manner* of proving it, that is, by the admissions of the party.

If it is competent to prove the fact, we can see no reason why it may not be proved by the admissions of the party; there is nothing in the nature of the fact sought to be established that requires the application of any other rule of evidence than that applicable to the proof of any other fact important in the case.

The testimony of Judge Kittredge was also objected to by the plaintiffs, on the ground that the facts to which he was called to testify, were communicated to him by one of the plaintiffs as his attorney. This objection was well taken if sustained by the facts.

The case shows that the witness obtained his information from a nominal party to the suit, but one who had no interest in it or control over it, and we think it apparent, from the facts stated, that the court were correct in deciding that the information was not communicated to the witness as the attorney of the party making the communication, and that it was properly admitted.

The judgment of the county court is affirmed.