34 337
50a 298

SAMUEL K. WILSON *et als.*, Defendants in Error, *v.* SOLOMON GODLOVE *et als.*, Plaintiffs in Error.

*Evidence—Privileged Communications.*—The communications made by a party to one who generally acted as his attorney, but who, at the time the statements were made, was acting as attorney for other persons, are not privileged.

*Error to Moniteau Circuit Court.*

*Owens & White,* for plaintiffs in error.

*Burke,* for defendants in error.

BATES, Judge, delivered the opinion of the court.

This is a suit against three persons, named Godlove, upon several promissory notes, signed M. Godlove & Brothers. One of the defendants, Emanuel Godlove, answered, denying that he was a partner with the other defendants.

At the trial, the plaintiffs called as a witness E. S. Farley, who testified " that at the time of the occurrence, of which he was then going to testify, he was, and for a long time had been, the attorney of defendant; and was, and had been his confidential adviser in pretty much all his business affairs, was his general collector ; had collected large sums of money

for him and against him; at that time thinks he had money of defendant in his hands that he had collected for him, and collected more afterwards; and continued afterwards to act as his agent and attorney. That in the fall of 1861 he had sent to him for collection some notes from Barclay, Shields & Co., of St. Louis, on M. Godlove & Brothers; that he went to defendant and told him he had these claims for collection; that Barclay, Shields & Co. had informed him that he (defendant) was a member of the firm of M. Godlove & Brothers, and that his purpose in calling on him was to collect the demands then in his hands against him.

The defendant objected to the testimony of Farley as to any admissions made by him under the circumstances, for the reason that they were privileged communications made to Farley, as his attorney and confidential adviser. The objection was overruled and the testimony admitted.

The objection was properly overruled, although Farley was generally the defendant's attorney and adviser, yet at the time at which the communications were made he occupied no such position; but, on the contrary, it would be difficult to show more clearly an adversary position.

The case presents no other point. Counsel for the appellants contended, that, according to the admissions made to Farley, the partnership had expired before one of the notes was given. This is doubtful as to these admissions, and also there was other testimony tending to show a partnership continuing even after the date of the last note.

Judgment affirmed. Judges Bay and Dryden concur.