## MORRISON & Co. v. HOGUE.

1. **Statute of Frauds:** AGREEMENT TO PAY DEBT OF ANOTHER. Neither an agreement by the purchaser of real estate to pay a promissory note of the grantor, as a part of the consideration 'of his purchase, nor an agreement to pay a note of the grantor in consideration of the release of an attachment by a surety on the note, is within the statute of frauds.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, DECEMBER 4.

THE plaintiffs hold a promissory note executed by one Vandevent as principal, and one Fowler as surety. The action is brought to collect of the defendant the amount of the note. The plaintiffs aver in their petition that the defendant agreed with Vandevent to pay it. They aver that the defendant purchased land of Vandevent, and agreed to pay the note as a part of the consideration. They also aver that Fowler, the surety, had brought an action in attachment against Vandevent, and that it was agreed between the defendant, plaintiffs, and Vandevent, that if the attachment was released defendant would pay the plaintiffs the amount of the note out of the consideration of the land, and that the attachment was released in pursuance of such agreement. The defendant demurred to the plaintiffs' petition, and the demurrer was overruled.

The defendant then answered, denying the agreement as to

Morrison & Co. v. Hogue.

the release of the attachment, and averring that he was to pay the note as a part of the consideration of the land, but only upon the following condition: He was to pay first certain .other indebtedness of Vandevent and expenses, the amount of which was not then definitely known, and the balance, if any, he was to apply on the note held by plaintiffs; and he avers that there was a small balance which he has applied on the note. The court held that the defendant's agreement is within the statute of frauds, and rendered judgment for defendant, The amount involved is less than one hundred dollars, and the Circuit Court certifies that the question as to whether the agreement is within the statute of frauds is one upon which the opinion of the supreme court is desired. The plaintiffs .appeal.

*Geo. D. Porter* and *H. L. Marshall,* for appellants.

*L. C. Mechem,* for appellee.

ADAMS, J.—Two agreements are averred in the petition, one as made between the defendant and Vandevent, to pay the note as part of the consideration of the land, and the other as between the defendant, Vandevent, and the plaintiff, to pay the note not only as a part of the consideration of the land, but also in consideration of the release of the attachment. Neither agreement, we think, is within the statute of frauds. In either case the payment was to be made out of the consideration of the land, and in making such payment the defendant would be paying his own debt. In holding the agreements to be within the statute of frauds we think the court erred.

1. STATUTE of frauds: agreement to pay debt of another.

Whether the evidence is not such that judgment should have been for the defendant, notwithstanding the error, we do not determine. We deem it our province to pass merely upon the question certified to us.

REVERSED.