WILLIAM L. CLAY, PLAINTIFF IN ERROR, V. JAMES H. TYSON, DEFENDANT IN ERROR.

1. **Statute of Frauds:** PROMISE TO PAY DEBT OF ANOTHER: CONSIDERATION. A petition which alleges that A was indebted to the plaintiff, and that B received from A a large amount of personal property, and in consideration thereof agreed to pay the debt to plaintiff, and that B promised the plaintiff, who was about commencing suit, that he would pay the debt, and that if plaintiff would forbear suing until he could sell the property he would pay him, and that in consideration of such promise plaintiff did forbear until after the property was sold, but that B then refused payment, states a cause of action, and one which is not within the statute of frauds.

2. **Evidence:** ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATIONS. Where an attorney is employed for a particular purpose, and before such employment he informs his client that

he has been employed against him in a case not connected with the employment, and with full knowledge of such fact the employment is made for the purpose required, the relation of attorney and client does not exist so far as the purpose of the first employment is concerned, and statements made to the attorney with reference to any fact in dispute in the controversy in which the first employment is made is not a privileged communication.

3. **Error:** REVERSAL OF JUDGMENT. A judgment will not be reversed for errors committed on the trial of a cause which are not prejudicial to the party complaining.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power,* for plaintiff in error.

*France & Harlan,* for defendant in error.

REESE, J.

By the petition filed in the district court by defendant in error, it was alleged substantially, that plaintiff in error (defendant below) was the father of one Seth H. Clay, who, before the time of making the alleged promises, was a citizen of York county. That the said Seth was indebted to defendant in error (plaintiff below) in the sum of $200, evidenced by two promissory notes of Seth of $100 each, both of which were due. That Seth was the owner of a large amount of personal property in York county. That said property was transferred to plaintiff in error by said Seth, in consideration of which the plaintiff in error agreed with the said Seth to pay to defendant in error the amount due from Seth, and that afterwards, and while in possession of said personal property, the plaintiff, in consideration of the promises, and the further consideration that defendant in error, at the request of plaintiff in error, would forbear to bring suit on his said claim until plaintiff in error could sell the property received from his son, he promised and

agreed with defendant in error that he would pay the indebtedness. It is further alleged that the property of the son had been sold, but that plaintiff in error refused to make the payment as promised. The answer admits the indebtedness of the son and the relationship alleged to exist between them, but denies all the other allegations of the petition. Judgment was rendered in favor of defendant in error for the amount claimed. Plaintiff in error brings the cause into this court by proceedings in error. The first contention is, that the petition does not state facts sufficient to constitute a cause of action. It will be seen that two agreements are alleged in the petition, one that of plaintiff in error with his son, that, in consideration of the transfer of the property to him, he would pay the debt due defendant in error, followed by the promise to defendant in error that, in consideration of his forbearance to sue the son, he would pay the debt. It is insisted these contracts are within the statute of frauds. We think not. The agreement alleged to have been made with the son was a new and independent contract, based upon a valuable consideration, by which plaintiff in error created a new debt, which he agreed to pay—not to the son, his original creditor—but to defendant in error. When the promise was made to defendant in error, and accepted by him, it then became a debt due from plaintiff in error to defendant in error, and was not within the statute of frauds. *Morrison v. Hogue*, 49 Iowa, 574. *Ellwood v. Monk*, 5 Wend., 235. *Lawrence v. Fox*, 20 N. Y., 268. *Clopper v. Poland*, 12 Neb., 69. *Farley v. Cleveland*, 4 Cowen, 432. *Fitzgerald v. Morrissey*, 14 Neb., 198. *Romberg v. Hughes*, 18 Neb., 579.

It is insisted that the court erred in overruling the objections of plaintiff in error to the testimony of George B. France, a witness for defendant in error. This objection was based upon the assumption that Mr. France was the attorney for plaintiff in error at the time the statements

were said to have been made. As to whether or not the
relation of attorney and client existed between Mr. France
and plaintiff in error to such an extent as to protect plain-
tiff in error from the repetition of his statements was, un-
der the circumstances, a question of fact, upon which the
trial court had to pass. It was conceded that the firm of
France & Harlan had been employed to transact for plain-
tiff in error certain business growing out of the dealings of
Seth Clay in York county, but Mr. France testified that
at the time of the employment by plaintiff in error he
informed him that they had been retained by certain cred-
itors, naming them, and among whom were defendant in
error, and that plaintiff in error expressed himself satisfied,
saying there would be no trouble about that, etc. If that
was true, and of that the court was the judge, there was no
impropriety in allowing the witness to testify. From the
testimony of the witness it further appears that the em-
ployment of the firm by plaintiff in error was not for the
purpose of litigation, either for the prosecution or defense
of cases, but for the purpose of closing up the business and
accounts of Seth Clay. After hearing the testimony upon
the question presented, the court decided that the relation
of attorney and client did not exist with reference to the
matters involved in this case, and we cannot say there was
error in the decision. We do not wish to be understood
as approving the practice of attorneys taking the witness
stand and testifying in causes on trial, for we think it is
one not to be favored to any extent, yet a case occasionally
arises where it is too late for an attorney to withdraw from
a case without manifest injury to his client, and where his
testimony is absolutely essential to the due administration
of justice. In such cases the only proper course seems to
be for the attorney to take the witness stand.

A letter from plaintiff in error to Mr. France was re-
ceived in evidence over the objections of plaintiff in errror.
This ruling of the court is assigned for error. For the

purpose of this inquiry it may be conceded that at the time of writing the letter plaintiff in error understood that Mr. France was his attorney, and that the letter was written in confidence; yet we cannot hold that its admission was reversible error.   It consists principally in a denial of the contract upon which the suit was based, and, in substance, a claim that he only promised defendant in error to pay the value of the property for which the notes were given, which he said would be from $125 to $150, and that only after he had sold his land in Nebraska, which he had not yet done, and therefore he owed plaintiff in error nothing. If there was error in its admission it was clearly without prejudice.

.   The testimony in the case was in some important respects quite unsatisfactory, yet we cannot say there was such a want of evidence as to require a reversal of the case.   It was tried to the court without a jury.   The findings of fact are entitled to the same weight as if found by a jury.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.