See notes to this case in 32 N. W. Rep. 774, 780.— REP.

68  577<br>92  154

THE PLANO MANUFACTURING COMPANY, Appellant, vs. FRAW-
LEY and another, Respondents.

*March 23 — April 12, 1887.*

*(1) Appeal to S. C.: Verdict: Evidence. (2) Promissory note: Recov-
    ery on original contract: Amendment of pleading. (3) Evidence:
    Rebuttal. (4) Improper remarks to jury. (5-8) Partnership:
    Evidence: Attorney and client: Admissions and declarations.*

1. A verdict will not be set aside as against evidence, if the evidence,
   though conflicting and contradictory, was if believed by the jury
   sufficient to sustain it.

The Plano Mfg. Co. vs. Frawley and another.

2. A judgment will not be reversed for the refusal of the court to permit the' plaintiff to recover on the original contract upon which the note in suit was founded, if he asked no amendment of the complaint to set it up.

3. This court cannot say that it was error to exclude a witness offered in rebuttal, unless the appellant told the trial court what facts he wished to prove by such witness.

4. The remarks made to the jury by defendant's attorney, in commenting upon the testimony of a witness in this case, *held* not sufficient cause for reversing the judgment.

5. In an action to charge two persons as partners upon a note executed by one of them in a firm name, parol evidence is admissible to show that, at the time of their executing a contract with the plaintiff, on which such note was based, it was understood between the parties that no partnership was formed; but not to show that one of them was not to be bound for the performance of the contract.

6. An admission made by a party to an attorney, relative to his liability on a note which he knew such attorney had in charge for collection, is not privileged, so as to be inadmissible against him in an action thereon, by reason of such party's having employed the same attorney in a matter entirely disconnected therewith, such as the collection of claims in his own favor.

7. In an action against F. and S. as partners, F. denied the partnership. S. had delivered a package of claims purporting to belong to F. & S. to an attorney, saying that directions would be found in the package. At the same time, and before the package was opened, the attorney received a telegram from F.: "Have you got F. & S. amounts to collect?" *Held*, that such telegram was not privileged as being a confidential communication between a client and his attorney.

8. If part of a conversation between a witness and a defendant is introduced in evidence by the plaintiff, the defendant may properly be permitted to testify as to the whole of such conversation, including what he himself said; but he cannot do so if the conversation was first drawn out of plaintiff's witness by him on cross-examination.

APPEAL from the Circuit Court for *St. Croix* County.

Action upon a promissory note. The principal facts are stated in the opinion. The remarks of the counsel for the defendants, therein referred to, addressed to the jury, related to one C. E. Storing, the principal witness for the

plaintiff, who testified that he was the agent of the plaintiff and that his business consisted in making contracts and settlements for it. Such remarks were as follows: " Mr. Storing is going around the country inveigling men into just such contracts as this, and he does nothing else except in the summer time, when he goes and looks the fellows over; he is riding around the country inveigling fellows into such contracts."

For the appellant there were briefs by *Baker & Smith*, attorneys, and *Pinney & Sanborn*, of counsel, and oral argument by *Mr. Smith* and *Mr. Sanborn*. They contended, *inter alia*, that the telegram and other communications by *Frawley* to Hawkins were not privileged. 1 Greenl. Evi. secs. 239, 240; *Clay v. Tyson*, 19 Neb. 530; *Herring v. Clobery*, 1 Phil. 91; *Cormack v. Heathcote*, 2 Brod. & B. 4; Weeks on Attorneys, 255; Wharton, Evi. sec. 587. The telegram delivered to the sender is the original, and therefore the best evidence. *Saveland v. Green*, 40 Wis. 431, 442; *Trevor v. Wood*, 36 N. Y. 307; *Dunning v. Roberts*, 35 Barb. 463; *Durkee v. V. C. R. Co.* 29 Vt. 127; *State v. Hopkins*, 50 id. 316; *Smith v. Easton*, 54 Md. 138; *Taylor v. Steamboat " Robert Campbell*," 20 Mo. 254. But the telegram was objected to and excluded solely on the ground that it was privileged, and the objection that it was not the best evidence cannot now be raised.

For the respondents there was a brief by *J. W. Bashford*, *L. P. Wetherby*, and *R. H. Start*, and oral argument by *Mr. Bashford* and *Mr. Start*. They argued, among other things, that as the contract was signed by the defendants in their individual names, evidence of what was said at the time tending to show their relations to the contract and to each other was admissible. The mere fact that they were joint obligees and apparently jointly interested in the business of the agency would not make them partners; and to show that they were not partners would not contradict the

contract. *Edson v. Gates*, 44 Mich. 253. The relation of attorney and client existed between Hawkins and *Frawley*, and the telegram and other communications were therefore properly excluded. 18 Am. Law Reg. 76; Weeks on Attorneys, 206, 256–7, 262, 264, 267–8, 270, 271, 293–5, 307; 1 Greenl. Evi. 237; Wharton, Evi. secs. 576–7, 583; *Foster v. Hall*, 12 Pick. 89; *Moore v. Bray*, 10 Pa. St. 519; *Getzlaff v. Seliger*, 43 Wis. 297; *Sargent v. Hampden*, 38 Me. 581; *Parker v. Carter*, 6 Am. Dec. 513; *Bank of Utica v. Mersereau*, 49 id. 189; *Root v. Wright*, 84 N. Y. 72; *Beltzhoover v. Blackstock*, 27 Am. Dec. 330; *Alderman v. People*, 4 Mich. 414; *Coveney v. Tannahill*, 1 Hill, 33; *S. C.* 37 Am. Dec. 287; *Bacon v. Frisbie*, 80 N. Y. 394; *Williams v. Fitch*, 18 id. 546; *Yates v. Olmsted*, 56 id. 632. The telegram delivered to the party addressed is not the best evidence, but the original must be produced. *Burt v. W. & St. P. R. Co.* 31 Minn. 472; *Adams v. M. L. Lumber Co.* 32 id. 216; *Wilson v. M. & N. W. R. Co.* 31 id. 481; *Howley v. Whipple*, 48 N. H. 487; 1 Wharton's Evi. 76.

TAYLOR, J. The appellant brought an action against the respondents upon a promissory note for $812.34, signed "FRAWLEY & STEPHENS." The signature was in the handwriting of *Stephens*. *Frawley* answered, denying that he had signed said note, denying that *Stephens* had any authority from him to sign his name to the said note, and also denying that he was ever a partner of said *Stephens*. Upon the trial in the circuit court the jury found in favor of the defendant *Frawley;* and judgment was rendered in his favor for $67.93 costs. The defendant *Stephens* made no defense to the action. From the judgment rendered in favor of *Frawley* the plaintiff appeals to this court.

The appellant assigns as errors: (1) The admission of evidence to vary the written contract; (2) the ruling that the relation of attorney and client existed between Hawkins

and *Frawley*, and that the telegrams and other communications by *Frawley* to Hawkins, and the documents in Hawkins' hands, were privileged; (3) in admitting the testimony as to the declarations of *Frawley* as to his liability on the contract; (4) in excluding the testimony of the witness Storing in rebuttal; (5) in allowing the defendants' counsel to address improper language to the jury; (6) in refusing to direct a verdict for plaintiff, and in refusing the instructions asked by plaintiff, and in refusing to set aside the verdict and grant a new trial.

The first assignment of error arises under the following circumstances: The plaintiff, as tending to show the liability of *Frawley* upon the note signed by *Stephens* with the name of "*Frawley & Stephens*," introduced in evidence a written contract, made between the plaintiff as one party and *John Frawley* and *M. P. Stephens* as the other party. The contract, after reciting the names of the parties, proceeds as follows: " The party of the first part, for and in consideration of the covenants and agreements hereinafter contained, to be performed by the party of the second part, has this day appointed the party of the second part agent for the sale of machines hereinafter named, extras, and twine, for the following territory and no other [specifying territory], for and during the season ending September 1, 1883; the said company reserving the right to rescind this contract, without liability for any damages, at any time when they shall be dissatisfied with the standing or mode of doing business of the party of the second part; and the party of the second part for and in consideration of the appointment to such agency, which is hereby accepted, and for the further consideration of the commissions herein named, agrees as follows [here follow conditions and covenants of the party of the second part]." This agreement was signed: " THE PLANO M'F'G Co. [Seal.] JOHN FRAWLEY. [Seal.] M. P. STEPHENS. [Seal.] "

The note given in evidence was for an indebtedness which plaintiff claims was due to it from *John Frawley* and *M. P. Stephens*, on account of the transactions of the parties under said contract, and this fact is not denied by the respondent *Frawley*. The point at issue between the parties was whether *Frawley* and *Stephens* were partners in business under this contract, so that *Stephens* would have authority to sign *Frawley's* name to the note, or, if they were not in partnership, whether *Frawley* had authorized *Stephens* to give the note in question.

After the plaintiff had introduced the contract in evidence for the purpose above stated, the defendant *Frawley*, against the objection of the plaintiff, was permitted to state to the jury that, at the time the contract was signed, the agent of the company with whom the contract was made, in order to induce the respondent to sign the same, stated that it was a mere matter of form, and that he should not be bound in any way by the contract. The learned circuit judge, in admitting this evidence, stated that he should admit it "as bearing on the question whether the plaintiff had a right to regard him as a partner," and afterwards, in instructing the jury, he said to them: "It is admitted that the defendant *Frawley* is liable on the contract under which the machines and twine were sold and delivered by the plaintiff," meaning the machines and twine for the value of which the note was given. The plaintiff having introduced the contract as evidence of a partnership between *Stephens* and *Frawley*, we think it was competent to show that at the time of its execution it was understood by the parties that no partnership was entered into between them, but it would be incompetent to show by parol that the respondent *Frawley* was not to be bound by the contract for its performance. This was the view of the circuit judge; and, notwithstanding the appellant had stated as a witness that he was not to be bound by the contract, yet,

when the case was submitted to the jury, with the apparent assent of all parties they were instructed that he was bound by the contract, notwithstanding his statement to the contrary. Under the charge and the limitations under which the court received the evidence, we do not think there was any error in receiving it.

It is said the court erred in refusing to admit the testimony of the witness Hawkins as to the declarations of the defendant as to his liability on the note in question, and in refusing to admit in evidence a telegram received by him from the defendant. The evidence was excluded on the ground that the communications were privileged; that Hawkins received them in his capacity as an attorney for the defendant. The evidence of Hawkins shows that he was the attorney and agent for the plaintiff in regard to their matters generally, and especially as to the note in suit; that the only employment he had for the defendant, if he had any at all, when he received the telegram, was an employment by *Stephens* to collect and apply the proceeds of certain claims placed in his hands by *Stephens*. The evidence shows that they were claims purporting to be claims belonging to *Frawley & Stephens*, and in which, upon this trial, *Frawley* claims he had no interest as a partner. His only interest, if any, was to have such claims applied upon the debt due from *Stephens* upon their contract with the plaintiff. The testimony as to the employment by *Stephens* is that he (*Stephens*) came in, apparently in haste, threw down a package of papers, saying that Hawkins would find directions in the package as to what he wanted him to do with them, and immediately left; that just at that time, and while *Stephens* was still in the office, and before the package was opened, he received a telegram from *Frawley*, the one offered in evidence and rejected by the court. The telegram read as follows: "*To S. N. Hawkins:*

Have you got *Frawley & Stephens* amounts to collect? Let me know at once.   J. FRAWLEY."

Now, it is very clear to us that there could have been no employment of Hawkins by *Frawley* at the time this telegram was sent or received by him.   *Frawley* could not have made the inquiry of him in confidence as a client, because he had no knowledge of his having been employed by *Stephens*.   It was a question which could not have been propounded for the purpose of obtaining legal advice in regard to any matter in which he had employed S. N. Hawkins.   It was a simple inquiry as to a matter of fact, which could have no relation to any confidential matter between a client and attorney, and was therefore improperly excluded.   1 Whart. Ev. § 588; *Allen v. Harrison*, 30 Vt. 219; *Sawyer v. Birchmore*, 3 Mylne & K. 572; *Desborough v. Rawlins*, 3 Mylne & C. 515; *Spenceley v. Schulenburgh*, 7 East, 357; *Gillard v. Bates*, 6 Mees. & W. 547.

It is also assigned as error that the court excluded the evidence of Hawkins as to what *Frawley* said as to his liability on the note in suit, after Hawkins had informed him that he was employed by the plaintiff in regard to that note and that he could not act as his attorney in respect to that claim.   We think the evidence should have been admitted. Admitting that *Frawley* might have been the client of Hawkins for the purpose of collecting claims due to *Frawley & Stephens*, he was not his client in any sense in regard to the claim on the note in suit; and, after having been advised by Hawkins that he could give him no advice in regard to that matter, he was properly put on his guard; and, if he afterwards made disclosures to the attorney in regard to that claim, they were no more privileged than if made to the holder of the note, or to a mere stranger.   There was no confidence between Hawkins and *Frawley* in regard to the note.   See cases above cited; also, *Tucker v. Finch*,

66 Wis. 17, 21; Weeks on Attorneys, 279, 281; *Wilson v. Godlove*, 34 Mo. 337; *Clay v. Tyson*, 19 Neb. 530; *Whiting v. Barney*, 30 N. Y. 330. Whether the papers left by *Stephens* with Hawkins were properly excluded is not decided, and whether they should have been excluded depended upon the question whether *Frawley* had any interest in them and recognizes the right of the defendant *Stephens* to employ an attorney in regard to their collections for the mutual benefit of both parties.

It is also insisted that the circuit court erred in permitting *Frawley* to testify as to what he said at a certain interview between him and one of the witnesses of the plaintiff, at the office of the defendant's attorney. Whether this evidence was admissible depends upon the question whether the conversation alluded to was introduced in evidence by the plaintiff. If the plaintiff gave evidence as to what defendant said in the particular conversation alluded to, then it would be very clear that the defendant might properly be examined as to such conversation; but, if the conversation was first drawn out by a cross-examination of a witness of the plaintiff by the defendant, then the defendant would not be entitled to examine his own client as to what he did say in such conversation. The plaintiff cannot, as a general rule, be permitted to give in evidence his own declarations, made out of court, to bolster up his testimony given on the trial. It is not clear from the printed case whether the conversation spoken of, and concerning which the defendant was permitted to testify, was introduced by the plaintiff or by cross-examination of the defendant, and we are not clear, therefore, that any error was committed in admitting the defendant's version of it as a witness in his own behalf.

We cannot say that it was error to exclude the witness Storing offered in rebuttal. There was no offer by the plaintiff to prove any particular state of facts by the wit-

ness. To make it error to exclude a witness offered in rebuttal, it seems to us the plaintiff should have shown the court what facts he wished to prove by the witness. That does not appear to have been done in this case. The court may have thought the defendant's evidence had been of such a character as not to open the case to the plaintiff for further evidence, and the learned counsel have not shown, by their statement of the case or by their argument, that the plaintiff was clearly entitled to examine the witness in rebuttal of the case made by the defendant.

We find no error in the instruction of the court to the jury, or in his refusal to give instructions asked. The questions at issue were fairly presented to the jury by the court, and the law applicable to such issues was correctly stated by the court.

The ruling of the court in refusing to set aside the verdict as against the evidence is sustained by the evidence appearing in the record. The material facts were controverted, the evidence was conflicting and contradictory, and it was for the jury to say what credibility should be given to the testimony presented. If the evidence offered by the defendant was believed by them, they were right in giving a verdict for the defendant. It was not error, therefore, to overrule the motion for a new trial.

The question whether the court should have permitted an amendment of the complaint, so as to charge the defendants on the original contract, was not in terms presented to the court below. It cannot, therefore, be said that the court erred in not permitting the plaintiff to recover upon such contract.

The remarks made by the counsel for the defendant to the jury were not of such a character as should reverse the judgment. The advocate must be permitted some liberties in the use of qualifying adjectives and participles in com-

menting upon the testimony of the witnesses giving testimony on the trial.

For the error in rejecting the testimony of the witness Hawkins, the judgment of the circuit court must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

See note to this case in 32 N. W. Rep. 771.— Rep.