### IRWIN, ADM'X, v. LOCKE.

1. CONTRACTS—CONSIDERATION.

When a part of the consideration is past and a part is not, it is sufficient to sustain a promise.

2. APPELLATE PRACTICE.

When the record does not purport to contain all the evidence introduced, the presumption arises that the evidence omitted warranted the judgment.

*Appeal from the County Court of Pitkin County.*

ACTION for materials furnished and labor performed by

plaintiff for defendant.    Judgment for plaintiff.    Defendant appeals.

Mr. N. ROLLINS, for appellant.

Mr. E. C. STIMSON, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Appellee Locke entered into a written contract with appellant to furnish stone and do certain work upon a building in the town of Aspen which appellant had contracted to construct for a third party.

This suit is for extras furnished by Locke.    These extras consisted of eight stone window caps of the alleged value of $3.50 each, and fifty-eight round corbels at $2.50 each.    The case was tried to the court without a jury and judgment rendered for the value of the aforementioned articles, less a rebate for a small overpayment made by the defendant to plaintiff upon other items.

In support of plaintiff's claim he relies upon evidence to the effect that the extras were furnished at the request of the architect in charge of the work and that appellant ratified the transaction before the work was completed, and promised payment for the extras.    A part of the extras were not used and it is claimed that the new promise in so far as it covered past work that was of no benefit to appellant was without consideration and not binding, but it is well settled that when a part of the consideration is past and a part is not, this is sufficient to sustain the promise.    *Loomis v. Newhall,* 15 Pick. 159 ; *Wiggins v. Keizer,* 6 Ind. 252 ; *Roberts v. Griswold,* 35 Vt. 496.

The ruling of the court sustaining an objection to the question propounded to defendant while upon the witness stand as to the lack of the original authority of the architect to change the plans is immaterial, as plaintiff relied upon a ratification by Irwin of the acts of the architect and not upon

any claim of original authority in the architect.   Moreover, the defendant had previously answered a similar question and his denial could acquire no additional force by repetition.

The record does not purport to contain all the evidence introduced.   If it did we could not undertake to weigh the evidence with a view of substituting our conclusion for that of the county court.   There is sufficient, however, preserved to support the judgment, and if it were otherwise a presumption would arise that the evidence omitted warranted the judgment.

*Affirmed.*