Spuhr vs. Kolb and others.

=====

Spuhr, Appellant, vs. Kolb and others, Respondents.

*May 23 — June 20, 1901.*

*Appeal: Findings of fact: Evidence: Judgment.*

1. Upon evidence fairly justifying either of two inferences, the decision of the trial court must control.
2. In an equitable action, upon a motion to dismiss at the close of plaintiff's testimony, the proper practice is to make findings and render judgment on the merits.
3. Plaintiff offered in evidence, to be used only as admissions, a deposition of one of the defendants previously taken at plaintiff's instance. Objection being made because the witness was present, the court ruled, in effect, that if the deposition was introduced it would constitute said defendant plaintiff's witness, subject to the ordinary rules against impeachment. Plaintiff did not thereafter attempt to introduce the whole deposition, but was allowed to introduce such specific portions of it as he did offer. *Held,* that there was no error in the ruling.

APPEAL from a judgment of the circuit court for La Crosse county: CHAS. M. WEBB, Judge. *Affirmed.*

A suit in equity by plaintiff, a judgment creditor of defendant *John M. Kolb,* to set aside conveyances from *John M. Kolb* to his brother-in-law, *John Hornung,* and from the latter to the former's wife, *Carolina Kolb.* At the close of the plaintiff's evidence, which consisted principally in the examination of the defendants, upon a motion for judgment in plaintiff's favor the court made findings to the effect that the conveyance from *John Kolb* to *Hornung* was in consideration of the cancellation and settlement of a *bona fide* indebtedness of $1,200, which was a full and adequate price for the premises sold; that the sale from *Hornung* to *Carolina Kolb* was upon her promise to pay $1,200; that the conveyances "were made in good faith, and for an adequate consideration, and were not made with intent to hinder, delay, or defraud the plaintiff, or any other creditor or creditors of said *John Kolb.*" Whereupon judgment dismissing the complaint was entered, from which the plaintiff appeals.

For the appellant there was a brief by *Higbee & Bunge,* and oral argument by *G. W. Bunge.*

For the respondents there was a brief by *Bleekman & Bloomingdale,* and oral argument by *F. H. Bloomingdale.*

DODGE, J.   A careful examination of the evidence shows that, if the witnesses are believed, their testimony overwhelmingly sustains the findings of the court.   There are suspicious circumstances and contradictions in the evidence, which might justify a trial court in discrediting those witnesses, but the situation so arising is one upon which the trial court has peculiar advantages for reaching a correct conclusion.   The manner and appearance of the witnesses in the explanation of such discrepancies is of very great value.   The case, therefore, especially invites the application of the rule that, upon evidence fairly justifying either

of two inferences, the decision of the trial court must control. The decision eliminates all the elements of fraud and of purpose to defraud creditors, and justifies the judgment entered.

Complaint is made that upon a motion to dismiss at the close of plaintiff's evidence there should have been entered a judgment in the nature of a nonsuit, instead of one apparently upon the merits. There is no force to this objection. In a suit in equity the proper practice upon a motion to dismiss at the close of the plaintiff's evidence is to make findings and render judgment on the merits; not, as in a suit at law, to enter judgment of compulsory nonsuit. Bryant, Code Pr. § 885; *Dietz v. Neenah,* 91 Wis. 422, 425; *Yahr v. Joint School Dist.* 99 Wis. 281.

An error is assigned upon the exclusion of evidence, which, however, from an examination of the record, does not seem to be well founded. The plaintiff had taken the deposition of defendant *Hornung* at a time when he was in default, as a witness for the plaintiff, and, although he was present and sworn at the trial, made a qualified offer of that deposition, to be used only as admissions. On objection being made because the witness was present, the court announced that plaintiff could examine the witness as to any statements made at another time, and offer statements in depositions, but could not be permitted to regularly impeach his own witness. As we understand this ruling, it was to the effect that, if the deposition was offered in evidence, it would constitute *Mr. Hornung* the plaintiff's witness, subject to the ordinary rules against impeachments. Plaintiff did not follow this ruling by any further attempt to introduce the whole deposition, but was allowed to introduce such specific portions of it as he did offer. From this record we do not understand that the deposition was excluded, but plaintiff merely warned of the effect of introducing it. Nor does it

appear that the court refused to receive any portions which plaintiff desired to introduce.    We discover no error in the ruling.

*By the Court.*— Judgment affirmed.