OLSON, Respondent, vs. OLSON, Administrator, Appellant.

*February 1—April 23, 1912.*

*Parent and child: Agreement to pay for past and future services:*
*Consideration: Entire contract.*

1. Evidence that a son who, after attaining majority, had worked for his father on the latter's farm at intervals for about fifteen years, said to his father that he had remained at home more than the other members of the family; that thereupon the father said he would give him $1,000 for the work he had done and $20 per month for future work; and that the son said "all right," and continued to work for the father until the death of the latter, is *held* to sustain a verdict to the effect that the agreement was that the son should remain and work for the father in consideration of the latter's promise to pay him for both past and future services.

2. Such being the agreement, and the son having fully performed on his part, the entire contract as to payment for past services as well as for those to be rendered thereafter was based upon a valid consideration.

APPEAL from a judgment of the circuit court for Pierce county: E. W. HELMS, Circuit Judge. *Affirmed.*

*Thos. M. Casey,* for the appellant.
*George Thompson,* for the respondent.

TIMLIN, J. The respondent, after he reached the age of twenty-one years, worked for his father, the decedent, on the farm of the latter at intervals during the years from 1889 until about April 1, 1905. While so engaged and on or about the date last mentioned, according to the testimony of a girl then temporarily in the family, in a talk between *Martin* and his father "about work and some other things," *Martin* said to his father that he, *Martin,* had remained at home more than the other members of the family, whereupon his father said he would give *Martin* $1,000 for the work he had done and $20 per month for future work. *Martin* said: "All right," and that ended the conversation. *Martin* thereafter continued to work for his father until the death of the latter on October 3, 1906. *Martin* filed his claim against the estate of his father; and upon the foregoing evidence relative to the contract and other evidence showing the nature and extent of the services performed, upon appeal to the circuit court, a jury in that court found a verdict for respondent and fixed the amount of his recovery at $1,374.50.

The trial court instructed the jury to the effect that there could be no recovery for this $1,000 for past services if that part of the agreement was distinct or separate, but that in order to entitle respondent to recover this $1,000 the jury must be convinced that the promise on the part of the father, if he made one, to pay the respondent $1,000 for past services, was a part of the same agreement by which he promised to pay $20 per month for future services, and that it was in consideration of such entire contract that the respondent agreed to and did remain and perform services after the conversation testified to. There are some slight inaccuracies in the instructions, but they are substantially as stated.

The evidence to the effect that *Martin* worked for his father after reaching his majority is ample, but that relating to the

agreement is quite weak. Still we must keep in mind that *Martin* was disqualified from testifying to the agreement and the other members of the family would naturally be adverse to his claim, and that the only witness available to him was endeavoring to narrate a conversation overheard by her several years before. Formal expressions are rarely used in such transactions between father and son, and that such agreement was made is not inherently improbable. The conversation narrated will fairly bear the inference drawn by the jury, although no formal expression found therein covers such case with precision. There is only one version of the contract given and that is not very clear or satisfactory, except to the effect that some kind of a promise was made. The question whether the parties intended and understood that *Martin* should remain in consideration of that part of the promise relating to the future wages of $20 per month and that he did so remain or understood that he should remain and did remain in consideration of the two things said by the decedent by way of promise in this conversation, was, we think, fairly for the jury. It was a matter of inference from the words used, the final assent of *Martin* at the close of the conversation, and the subsequent act of *Martin* in remaining until his father's death. This court will not disturb a verdict on the ground that it is contrary to evidence where the trial court has refused to set aside the verdict and there is credible evidence to support such verdict (*Plano Mfg. Co. v. Frawley,* 68 Wis. 577, 32 N. W. 768; *Schrubbe v. Connell,* 69 Wis. 476, 34 N. W. 503) ; and where the evidence is such as to justify either of two inferences, the decision of the trial court must control on appeal. *Spuhr v. Cobb,* 111 Wis. 119, 86 N. W. 562. This applies to verdicts with even greater force.

With reference to the law of the case: If by the transaction in question, consisting of the oral conversation testified to and the subsequent acts of the parties, a new contract was created whereby the respondent agreed to continue to work for his

father in consideration that the latter should pay him $1,000 for past services and $20 per month for future services, and this was performed on the part of respondent by continuing to work for his father until the death of the latter, the case falls within the rule of *Loomis v. Newhall,* 15 Pick. 159; *Irwin v. Locke,* 20 Colo. 148, 36 Pac. 898; *Roberts v. Griswold,* 35 Vt. 496; and *Graham v. Stanton,* 177 Mass. 321, 58 N. E. 1023. See, also, *Wolford v. Powers,* 85 Ind. 294, and *Trimble v. Rudy* (22 Ky. Law Rep. 1406, 60 S. W. 650) 53 L. R. A. 353 and cases in note. There is in such case a valid consideration to uphold the whole contract.

*By the Court.*—The judgment of the circuit court is affirmed.