RIPON HARDWARE COMPANY, Appellant, vs. HAAS and others, Respondents.

*May 26—June 13, 1916.*

*Fraudulent conveyances: Husband and wife: Intent: Appeal: Review: Findings of fact: Inferences.*

1. Findings by the trial court to the effect that conveyances by husband to wife were not made with any fraudulent intent, but solely in pursuance of his idea to retire from business and provide for the disposition of his estate during his life, are *held* to be sustained by the evidence.
2. Inferences of fact drawn from the evidence by the trial court will not be disturbed unless clearly wrong.

APPEAL from a judgment of the circuit court for Fond du Lac county: A. H. REID, Judge. *Affirmed.*

Action to set aside conveyances from husband to wife as fraudulent. This case was here on a former appeal and is reported in 157 Wis. 466, 145 N. W. 1096, to which reference is made for a complete statement of facts. The liability of the deceased was predicated upon a guaranty of a note given August 22, 1901, as follows:

"For value received we hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at the rate of six per cent. per annum until paid, waiving notice of nonpayment and protest."

The guaranty was signed by the deceased and two other guarantors. On the former appeal the judgment in favor of the plaintiff was reversed and the cause remanded, and a new trial was had on the question as to whether or not the deceased made the conveyances in question with fraudulent intent. Upon that question the trial court found:

"That taking into consideration the decision of the supreme court already made in this case, and sec. 2323, R. S., providing that 'the question of fraudulent intent in all cases arising under the provisions of this title shall be deemed a question of fact, and not a question of law, nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration,' I find that the evidence falls far short of convincing me that a fraudulent intent was present in the making of the conveyances to *Theresa Haas.* These conveyances to the said *Theresa Haas,* together with the conveyances to the said *C. J. Haas,* resulting in a gradual turning over of all of the property of the said John Haas, appear to me to have been made by him solely in pursuance of an idea of his to retire from business and secure release from business cares, and provide for the disposition of his estate during his life instead of after his death. I therefore find that there was no fraudulent intent on the part of either John Haas or *Theresa Haas* as to any or all of the transfers of real estate sought to be attacked by the complaint in the above entitled action.

"That at the time of the making of these various convey-
ances, the said John Haas appears to have had no occasion
to believe that the note of Dodge to Cowan would not be paid,
and that he was not advised that it was not paid when due.
That he was wealthy enough so that he did not need to worry
about the loss on this note, if it should occur.    That there is
nothing to indicate that he had the note in mind at all.    That
while the conveyances to his wife and son were not recorded,
they were not otherwise made under circumstances of secrecy.
That on the contrary they were made openly, and that the ex-
ecution thereof was perfected at the bank where Mr. Cowan,
the holder of the Dodge note, was in active management, and
that the conveyances in August, 1902, were made almost
simultaneously with the collection by the cashier of the bank
of the annual interest on the Dodge note.    That said convey-
ances were certified by the same cashier as notary.    That the
brewery business was immediately thereafter carried on in the
name of C. J. Haas, and that all of the banking in respect
thereto was done at the German National Bank of Ripon, and
that thus the changes in titles to property and business were
openly brought to the attention of Mr. Cowan, rather than se-
creted from him, and that I am satisfied that John Haas had
no thought in his mind concerning his liability on the guar-
anty of the Dodge note, when he made the conveyances in ques-
tion.    That it further appears that after the making of the last
conveyances to his wife, *Theresa Haas,* on August 29, 1902,
the said John Haas still retained mortgages worth in excess of
$12,000, and the Crowther parcel of real estate worth at least
$1,000, and a bank account of $358, and that for several
years thereafter he continued to hold property in the form of
mortgages and bank account, and certificates of deposit, in
an amount amply sufficient to discharge his liability on the
Dodge note."

The defendant had judgment accordingly, and plaintiff
brings this appeal.

For the appellant there was a brief by *Carter & Pedrick,* at-
torneys, and *Maurice McKenna,* of counsel, and oral argument
by *S. M. Pedrick.*

For the respondents there were briefs by *Morse & Chad-*

*bourne,* attorneys, and *Thompson, Thompson, Allen & Gruene-wald,* of counsel, and oral argument by *Roy L. Morse* and *J. C. Thompson.*

ROSENBERRY, J.    The only question presented is whether or not the evidence sustains the findings of the trial court. We have carefully examined the evidence and we think the findings are in accordance with the great preponderance thereof.    Counsel for plaintiff contend that because the court found as a fact that the conveyances sought to be set aside were made by the deceased, John Haas, "solely in pursuance of an idea of his to retire from business" and "provide for the disposition of his estate during his life," all the conveyances were made pursuant to a plan or scheme; that the last conveyance, as they claim, left him practically insolvent and was therefore fraudulent, and that in consequence all the transactions made pursuant to the plan were fraudulent, including those sought to be set aside.

The conclusion reached by counsel is an inference of fact from the evidence.    The trial court made an opposite deduction or inference from the evidence.    Inferences drawn from the evidence by the trial court will not be disturbed unless clearly wrong.    *Will of Mitchell,* 157 Wis. 327, 147 N. W. 332; *Spuhr v. Kolb,* 111 Wis. 119, 86 N. W. 562.    In this respect there is no difference between inferences and facts, if indeed there is a substantial difference in any respect. 1 Wigmore, Ev. § 30 *et seq.*

*By the Court.*—Judgment affirmed.