WILLIAM D. ARMSTRONG, APPELLANT, V. WILL N. RANDALL ET AL., APPELLEES.

FILED MAY 17, 1913.   No. 17,139.

Deeds: CANCELATION: FRAUD. A deed to valuable land, if procured for an insignificant consideration by fraudulent misstatements of facts and by concealment of conditions on the part of the grantee, may be canceled in equity, where the circumstances were such that grantor was justified in relying on the acts constituting the fraud, and did so in good faith.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed as modified.*

*Allen G. Fisher, William P. Rooney* and *Andrew M. Morrissey,* for appellant.

*F. A. Wright, J. G. Mothersead, William Milchrist* and *J. W. Joseph, contra.*

Rose, J.

Plaintiff began the suit to quiet title to a quarter-section of land in Scott's Bluff county. George B. Siemer preempted the land, lived on it a short time, and obtained a patent for it in 1891. Shortly afterward he moved to the eastern part of the state, and later to Iowa. Through a deed from him, procured for $25 August 23, 1909, plaintiff claims title. Defendants pleaded title or liens through a void tax foreclosure sale. Siemer intervened, and prayed for a cancelation of his deed on account of fraud on the part of plaintiff in procuring it. The differences between defendants and intervener were amicably adjusted, leaving the charge of fraud the only controverted question. On this issue the trial court permitted intervener to refund the consideration of $25, canceled his deed, and quieted in him the title to the land. Plaintiff has appealed, asserting that the decree is not supported by the evidence.

The land was of little value when intervener left it shortly after receiving his patent. It was arid land without water or canals for purposes of irrigation. It was 35 miles from a railroad. When plaintiff procured the deed the land was irrigable by means of a government canal. The town of Scott's Bluff on a railway system had sprung up within three or four miles, and the land was worth, perhaps, $6,000. It may fairly be inferred from the evidence that plaintiff knew the changed conditions, and that intervener did not. Plaintiff was expeditious and painstaking in procuring his deed, in having it recorded, and in bringing suit. All was accomplished within a few days. Intervener was sought out in Iowa, where he transferred his title and accepted $25 for interests of great value.

These circumstances alone raise strong inferences that plaintiff knew existing conditions, and that intervener did not, but there is other proof of those facts. There is direct evidence that plaintiff misrepresented conditions, concealed facts when he should have spoken, and made misstatements preventing an inquiry which would have disclosed material circumstances and conditions unknown to intervener. While the evidence in many respects is conflicting, the findings of the trial court, when the entire case is considered, seem to be not only correct, but to be in harmony with the principles of justice and equity. In addition to the return of the consideration as provided by the decree below, intervener, however, is required to pay to plaintiff, on account of taxes paid by him, $10.35, with interest. As thus modified, the judgment is affirmed, plaintiff to pay the costs.

AFFIRMED AS MODIFIED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.