John H. Krause et al., appellees, v. T. E. Stevens, appellant.*

Filed April 19, 1919.  No. 20193.

*First heard before commission, and reversed without opinion.

1. Lease: Cancelation: Parties. One who executes a lease of real estate, and afterwards sells and conveys the same to another grantee with covenants of title, is a proper party to an action to cancel the lease for fraud and concealment, and may contest the validity of the lease on those grounds.

2. Deeds: Cancelation. The consideration for a conveyance of a valuable interest in real estate must itself have some value, and if it is merely nominal, and there are indications of fraud or concealment of essential facts, equity will cancel such conveyance.

Appeal from the district court for Sheridan county: William H. Westover, Judge. Affirmed.

McGilton & Smith and Boyd & Metz, for appellant.

Lee Bayse, Macfarland & Macfarland and Gray & Brumbaugh, contra.

Sedgwick, J.

In August, 1913 the defendant Joseph Krall executed a lease of mineral rights in over 400 acres of land and two lakes thereon to the defendant Stevens. He afterwards executed a lease of the same lands to these plaintiffs, and still later sold and conveyed these same lands to these plaintiffs for the agreed price of $4,600. The plaintiffs began this action in the district court for Sheridan county to cancel the Stevens lease and to complete and quiet their title as against the defendant Krall. Krall filed an answer and cross-petition, and also asked to cancel the Stevens lease. The district court found generally for the plaintiffs, canceled the Stevens lease, and quieted the title in the plaintiffs. The defendant Stevens has appealed.

The question presented is as to the validity of the lease from Mr. Krall to Stevens. The appellant urges

*First heard by Commission, and reversed without opinion.

that, since his lease was recorded prior to that of the plaintiffs, they are not in a position to attack the appellant's lease. As the defendant Krall sold and conveyed the land to the plaintiffs with full covenants of title, he is now interested in making that conveyance good, and as he was made a party to the action, and tendered thereon the issue of the validity of the lease to Stevens, and was made appellee in this appeal, and has apparently appeared in this court, as the brief filed herein purports to represent all of the appellees, it cannot be said that his interest in canceling this lease is not before the court.

The grounds alleged for canceling the lease, both by the plaintiffs and by the defendant Krall, are that the lease was without consideration, and was procured by fraud, undue influence, misrepresentation, and concealment. The consideration named in the lease is $1, and the evidence shows that there was no other consideration to the defendant Krall. The evidence as to whether the $1 named in the lease was actually paid is somewhat conflicting. The evidence quoted in the appellant's brief is that Krall is of foreign birth, and, although he could read the English language to some extent, he was not able to converse readily therein; that Stevens and his companion, who was also interested, went to Krall's residence and represented to him that they were sent by the government to make arrangements to take alkali out of lakes, and they wanted to obtain a lease from him for that purpose. Krall, not knowing that they were expecting to experiment with potash, and knowing that the alkali in the waters of the lakes was injurious to his stock, consented to the arrangement and executed the lease. It is not contended that his evidence was in any way contradicted or explained. It is contended that a mineral lease of the lands at that time was of no value, but it is conceded that shortly afterwards a mineral lease of these lands would have been of at least the value of

$2,000. If such a lease would be worth $2,000 at the time this action was begun, the contention that it was not worth anything when the lease was made amounts to contending that its actual value was unknown to the parties. We have, then, a lease worth $2,000 obtained by representations that were quite peculiar, if not intentionally fraudulent, for the nominal sum of $1. "It is an ancient and well-established principle that, whenever *suppressio veri* or *suggestio falsi* occur, and more especially both together, they afford sufficient ground to set aside any release or conveyance." *Smith v. Richards,* 38 U. S. 26.

Whether a consideration is adequate depends to some extent upon the circumstances of the case. "But it must have some real value; and if this be very small, this circumstance may, even by itself, and still more when connected with other indications, imply or sustain a charge of fraud." 1 Parsons, Contracts (9th ed.) sec. 436.

In this case the consideration was nominal, and in view of that fact the evidence clearly establishes that it was induced by concealment and undue influence. Our former judgment is set aside.

The judgment of the district court is

AFFIRMED.