JOHN J. KLINE, APPELLANT, V. DEPARTMENT OF PUBLIC WORKS ET AL., APPELLEES.

FILED APRIL 6, 1934. No. 28867.

*Sidney T. Frum*, for appellant.

*Paul F. Good*, Attorney General, *Paul P. Chaney* and *Robert G. Fuhrman*, contra.

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and REDICK, District Judges.

GOOD, J.

This is an action to enjoin defendants from entering upon and constructing a highway across plaintiff's land, and to cancel certain waivers of damages signed by plaintiff. The trial court gave judgment for defendants, and plaintiff has appealed.

On oral argument in this court it was admitted that since the trial below the highway has been constructed across plaintiff's land, and the only question for determination in this court is the right of plaintiff to a cancela-

tion of the waivers, so that he may maintain an action for damages.

This is an action in equity, and, on appeal, this court is required to try the case *de novo* and to reach an independent conclusion as to what findings are required under the pleadings and all the evidence. Comp. St. 1929, sec. 20-1925.

From a consideration of all the evidence, we find that a preponderance thereof shows the following facts: Several citizens of Walthill and Winnebago were desirous of having a federal aid highway constructed between Winnebago, in Thurston county, and Decatur, in Burt county. A number of these citizens interviewed the officers of the department of public works in Lincoln and were informed that such a highway might be constructed provided a right of way could be procured without cost to the state. Thereupon, several of the interested parties set out to procure waivers of damages for the right of way for the proposed highway. Some time in 1931,—the exact date not disclosed,—plaintiff, the owner of 240 acres of land in the vicinity of the route of the proposed highway, executed a waiver of damages for the right of way which contained this provision: "I sign this waiver, with the understanding that highway follows a N-S or a E-W line and not angle across the land." September 4, 1931, one of the interested citizens interviewed plaintiff at the latter's office in Sioux City, Iowa, and requested him to sign another waiver. He informed plaintiff that the highway would go along the west line of a certain 80-acre tract of plaintiff's land, and that a strip 33 feet wide would be required. Plaintiff signed the waiver. February 6, 1932, another of the interested citizens visited plaintiff at his office in Sioux City and requested him to sign another waiver, stating that the former waiver had been lost; that the one presented was a duplicate of the former, and that there had been no change in the proposed route of the highway. Plaintiff executed this waiver February 6,

1932. No consideration was paid, or promised to be paid, to plaintiff for any of the waivers.

About February 8, 1932, one Alam, a tenant in possession of plaintiff's land, visited plaintiff and informed him that the survey for the highway ran diagonally through the 80-acre tract and not along the west line thereof. Plaintiff became excited and immediately called upon one of the parties, who had procured the waivers, and stated that he did not then know or understand that the highway was to cross his land diagonally, but believed it was to take a strip along the west side of the land. He asked to have the waiver returned, and asked if it would be necessary for him to institute legal proceedings to obtain it. He was informed that the waiver would be procured and returned to him. February 12, 1932, plaintiff wrote to the department of public works in Lincoln, in which letter he stated that he had signed the waiver February 6, 1932, with the fixed understanding that the amount of land required would be 33 feet on the section line; that, after signing the waiver, he learned that the survey cut across the 80-acre tract in a diagonal direction. He gave a description of the land and asked for a return of the waiver, requesting, if it could not be obtained, that he be so advised, that he might start legal proceedings to cancel it. February 15, 1932, the department of public works answered as follows: "In reply to your letter of recent date with reference to waiving of right of way, this is to advise that these matters are handled entirely by Mr. E. W. Rossiter, of Winnebago, the agreement with this department being that all right of way forms would be furnished and that waivers would be obtained before any work proceeded." Mr. Rossiter was one of the persons soliciting waivers from plaintiff. The waivers were not returned or canceled.

January 22, 1932, the highway department made a project statement to the United States government, containing the general route of the highway and a rough esti-

mate of the cost. October 10, 1932, plans were finally approved by the United States government. October 31, 1932, project agreement between the United States government and the department of public works was approved. Preliminary survey for the route of the highway was started September 26, 1931, and completed November 10, 1931. The preliminary survey across the land of plaintiff occurred October 28, 1931. The survey for the actual work across plaintiff's land was made on the 13th of January, 1932. Plaintiff was not aware that the proposed highway was to cut diagonally across his 80-acre tract until after the signing of the waivers.

From the facts we conclude that plaintiff was induced to sign the waivers by misrepresentations as to the location of the highway and relied upon such misrepresentations to his injury; that the waivers were voidable at his election; that he did elect to avoid and cancel the waivers prior to the time any road was established or contract let for the construction of the highway. The highway department, itself, was not guilty of any fraudulent misrepresentations, but it is chargeable with the instrumentalities employed by the persons acting for it in obtaining the waivers. *McKeighan v. Hopkins*, 19 Neb. 33; *Rogers v. Empkie Hardware Co.*, 24 Neb. 653; *Armstrong v. Randall*, 93 Neb. 722; *Krause v. Stevens*, 103 Neb. 463.

Waiver of damages, procured by material misrepresentations, on which the grantor relied, is voidable at the option of the grantor, and may be rescinded at any time before it is acted upon by grantee. A landowner, who has signed an instrument waiving compensation for damages, arising from the establishment of a public road, may withdraw such waiver at any time before the establishment of the road. *Ashley v. Burt County*, 73 Neb. 159.

Apparently the trial court based its conclusion upon the proposition that plaintiff was guilty of laches in bringing his action and was not entitled to prevail. Before any contract was let or work done towards the construction of the highway, other than the preliminary survey, de-

fendant was informed that plaintiff had been misled and was demanding a cancelation and return of the waivers which he had executed. Defendant was fully advised as to plaintiff's contention that the waivers were voidable and that he had elected to cancel them. It proceeded with the construction of the highway at its peril, so far as plaintiff's rights are concerned. It is a general rule that time alone, unaffected by other circumstances, will not bar the right to rescind a voidable transaction. *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb. 463. Moreover, laches is an affirmative defense and should be pleaded. We fail to find in the answer any allegation of fact to indicate that defendant relied upon laches as a defense.

We reach the conclusion, and it is our judgment, that the waivers executed by plaintiff should be and they hereby are canceled and held for naught.

JUDGMENT REVERSED.