JOHN F. CLOPPER AND JONAS GISE, PLAINTIFFS IN ERROR, V. ALFRED POLAND, AND OTHERS, DEFENDANTS IN ERROR.

1.  Statute of Frauds.  A promise to pay the debt of another as a part of the consideration of property purchased is an original promise and need not be in writing.
2.  Practice: HEARSAY EVIDENCE.  The admission of hearsay evidence, corroborating a witness on a material point, *held*, error.

ERROR to the district court for Douglas county.  Tried below, in 1878, before VALENTINE, J., of the sixth district. The opinion states the case.

*Redick & Connell*, for plaintiffs in error.

Promise is void, not being in writing.  Gen., Stat., 393. [Comp. Stat., Chap. 32.]  Deposition of Elliott was inadmissible.  And see also *Second National Bank v. Grand Lodge*, 8 Otto, 123.

*Charles F. Manderson*, for defendant in error, cited : *Nelson v. Boynton*, 3 Met., 402.  *Shelton v. Brewster*, 8 Johnson, 376.  2 Parson Contracts, 9.

MAXWELL, CH. J.

In May, 1871, Fleury & Co. were indebted to the defendants in error in the sum of $489.30 upon an

account. Fleury & Company at that time had extensive quarries near the mouth of the Platte river, and were engaged in burning lime and quarrying stone and selling the same to parties in Omaha. At the time above stated, the plaintiffs in error purchased all of Fleury & Co.'s interest in the stone quarry and lime kiln, and the defendants in error allege in their petition, and introduce testimony tending to prove that plaintiff in error assumed as a part of the consideration for said property said debt due the defendants in error, and promised to pay the same in lime. And they testify that in May and June of that year they received from the plaintiffs in error 950 bushels of lime, worth $279.00, upon said account, and that there is still due and unpaid thereon the sum of $272.30, with interest from August 1st, 1871. On the trial of the cause the petition was amended so as to state the original account against Fleury & Young. A verdict in favor of the defendants in error for the sum of $446.98 was returned in the court below, upon which judgment was rendered.

The plaintiffs in error contend that their promise is within the statute of frauds and void unless in writing. But if they assumed this debt as a part of the consideration for the quarry and lime kiln, and promised to pay the same, it thereby became their own debt. The promise if made, is an original one to pay the debt, and not a collateral promise in the nature of a guaranty. The distinction is well stated in *Nelson v. Boynton*, 3 Met., 396, where it is said: "The terms original and collateral promise, though not used in the statute, are convenient enough to distinguish between the cases, where the direct and leading object of the promise is, to become the surety or guarantor of another's debt, and those where, although the effect of the promise is to pay the debt of another, yet the leading object of the undertaker is to subserve

or promote some interest or purpose of his own. The former, whether made before or after, or at the same time with the promise of the principal, is not valid, unless manifested by evidence in writing; the latter, if made on good consideration, is unaffected by the statute, because, although the effect of it is to release or suspend the debt of another, yet that is not the leading object on the part of the promissors."

The debt, when the promise is original, becomes that of the promissor, and the promise need not be in writing and is not within the statute.

*Second,* Poland testifies in substance that at the time the plaintiffs purchased the interest of Fleury & Young, in the property heretofore described, he was present with the plaintiffs in error at the quarry, and that they agreed to assume the debt upon which this action is brought and pay the same in lime, etc. The deposition of Theodore P. Eliott, one of the defendants in error, was also read in evidence, who testified that Mr. Poland went down to the lime kiln at the request of Mr. Gise, and at that time " Mr. Poland stated to me on his return that the account was to be transferred to Clopper and Gise, but prior to his stating that to me Mr. Fleury had been in, and said that he had made arrangements with Clopper and Gise to assist him, Fleury, in his business, and said to transfer the account to Fleury & Co., which I did some time in May, supposing that this transfer was to the firm of Fleury, Clopper & Gise, who I believed composed the firm of Fleury & Co."

This part of the deposition was objected to as hearsay and as being irrelevant, but the objection was overruled and the testimony read to the jury. This conversation was had in the absence of the plaintiffs in error, and is material as tending to corroborate the testimony of Poland on a material point. It is contended on the part of

the defendants in error that this testimony was necessary to fix the dates at which the account was changed, so as to charge the plaintiffs in error on the books of the defendants in error. But that this was not its object is clearly apparent. Again it is said that the evidence is merely cumulative and could not have been considered by the jury. It is impossible for us to say what weight was given to this testimony by the jury. It was admitted as legal testimony, proper for them to consider, and we see no reason why it was not given due weight. No particular objection to the instructions has been pointed out, and it is therefore unnecessary to review them.

For the reason above stated the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.