JOHN FITZGERALD, PLAINTIFF IN ERROR, V. JOHN MORRISSEY, DEFENDANT IN ERROR.

**Guaranty.** Where the leading object of a party promising to pay the debt of another is to promote his own interests, and not to become guarantor, and the promise is made on sufficient consideration, it will be valid although not in writing. In such case the promissor assumes the payment of the debt.

ERROR to the district court for Johnson county. Tried below before WEAVER, J.

T. Appelget & Son, for plaintiff in error, cited: Osborn v. Farmers Bank, 16 Wis., 36. Bressler v. Pindell, 12 Mich., 225. Brown v. Hazen, 11 Mich., 219. Walker v. Richards, 39 N. H., 259. Jackson v. Raynor, 12 Johns., 291. Simpson v. Patten, 4 John., 422. Watson v. Randall, 20 Wend., 201. Stern v. Dinker, 2 E. D. Smith, 401.

*Pinero & Chapman*, for defendant in error, cited: *Rose v. O'Linn*, 10 Neb., 367.   *Clopper v. Poland*, 12 Neb., 70.   *Dearborn v. Parks*, 5 Greenleaf, 81.   *Serge v. Williams*, 1 Saund., 211, note 2.   *Williams v. Leper*, 3 Burr, 1886.   *Colt v. Root*, 17 Mass., 236.

MAXWELL, J.

Morrissey brought an action against Fitzgerald in the district court of Johnson county, and for cause of action alleged in his petition in substance that on or about the first day of August, 1881, Fitzgerald was engaged in grading the roadbed of a railroad in Johnson county, and requiring the services of a large number of hands to aid him in performing said labor, promised Morrissey and others that if they would not abandon said work, which they were about to do, but would enter into the employment of said Fitzgerald and labor for him in grading said roadbed, that he would pay Morrissey and others for certain work previously performed by them on said roadbed for one Garland, as soon as said work was measured; that relying upon said promise, Morrisey and others did not abandon said work as intended, but remained and continued to work on said roadbed as requested by Fitzgerald; that the work done by Garland has long since been measured, but the amount due to Morrissey thereon has not been paid.   The prayer is for $45.71 and interest.   The answer in effect denies the facts stated in the petition.   On the trial of the cause, a verdict was returned in favor of Morrissey, upon which judgment was rendered.

The errors assigned are: *First.*   That the court erred in giving paragraph one of the instructions.   *Second.*   That the court erred in refusing to give the instructions asked on behalf of Fitzgerald, from one to five inclusive.

The instruction given which is complained of is as follows: "1st.   If you shall find from the evidence that Fitzgerald agreed with John Morrissey that if he, Morrissey,

would work for him he would pay certain indebtedness coming from one Garland to Morrissey, and if you further find that in consideration of said promise the plaintiff went to work for the defendant and performed his part of the contract, then you will find for the plaintiff for such amount as the evidence shows he ought to recover."

It is admitted that Fitzgerald has paid Morrissey in full for all labor performed for him, and this action is for the sole purpose of recovering for labor performed by Morrissey for one Garland, on said roadbed. It appears that Garland was a sub-contractor under Fitzgerald, and that he left the work, indebted to his employes for labor performed. There is some testimony tending to show that Morrissey, because of his promise set up in his petition, failed to file a laborer's lien on the roadbed of the railroad and thereby lost the benefit of the same; but there is no allegation of this kind in the petition, and that question cannot be considered.

The only question at issue is, did the plaintiff in error, in order to induce the defendant in error to remain on the roadbed and perform labor for him thereon, promise to pay him, in addition to compensation for such labor, the amount owing him from Garland, and in pursuance of said promise, did Morrissey perform the stipulated labor? The instructions complained of in effect state this to be the issue, and we fail to perceive wherein it is erroneous.

The court also gave the following instructions:

" But if Fitzgerald only undertook to pay plaintiff with others such an amount as was due Garland after an estimate, then you will find for the defendant, because nothing is shown to have been due Garland. Or if Fitzgerald only made the naked promise to pay Garland's debt without any consideration, then you will find for the defendant, as such a promise would be void, not being in writing."

These instructions present the law applicable to the testimony.

Where the leading purpose of a person who agrees to pay the debt of another is to gain some advantage, or promote some interest or purpose of his own, and not to become a mere guarantor or surety of another's debt, and the promise is made on a sufficient consideration, it will be valid although not in writing. *Clopper v. Poland*, 12 Neb., 69. *Nelson v. Boynton*, 3 Met., 396. In such case the promissor assumes the debt and makes it his own. The promise is a direct undertaking on the part of the person promising to pay the debt—not to pay *if* the debtor fails to pay. Such a contract rests upon the same grounds as a contract for property sold and delivered, and is not collateral.

The very large number of instructions asked on behalf of the defendant below were properly refused, as such portions of them as had not previously been given by the court on its own motion were not applicable to the testimony. The judgment must be affirmed.

JUDGMENT AFFIRMED.