MICHAEL MORRISSEY ET AL., PLAINTIFFS IN ERROR, V.
    GEORGE A. KINSEY, DEFENDANT IN ERROR.

Statute of Frauds.  M. employed S. to do the carpenter work in
    and about the construction of certain buildings.  S. employed
    K. to labor for him on said work.  K. quit work, and stated to
    M. that he would work no more until he knew where his pay
    was coming from.  M. in reply told K. that he wanted him to
    keep on with the work, and that he would see it paid for, pro-
    vided S. did not pay for it, and K. continued to work.  *Held*,
    That the promise of M. was void under the statute of frauds.

ERROR to the district court for Cass county.  Tried be-
low before MORRIS, J., sitting for POUND, J.

*Crites & Ramsey*, for plaintiffs in error, contended that
the promise was one of suretyship or guaranty to answer
for the default of Schindler, and therefore void unless in
writing.  Compiled Statutes, p. 287, § 8.  *Rose v. O'Linn*,
10 Neb., 364.  *Mallory v. Gillett*, 21 N. Y., 412.  The
promise "to see it paid" was necessarily collateral.  *Skin-
ner v. Conant*, 2 Vermont, 453.  *Kinloch v. Brown*, 1 Rich-
ardson (S. Car.), 223.  *Conolly v. Kettlewell*, 1 Gill (Md.),
260.  *Steele v. Towne*, 28 Vermont, 771.  Throop on Ver-
bal Agreements, § 185, and cases there cited.  *Thwaits v.
Curl*, 6 B. Monroe, 472.  *Elder v. Warfield*, 7 Harris and
Johnson (Md.), 391.  *Cropper v. Pittman*, 13 Md., 190.
*Billingsly v. Dempewolf*, 11 Ind., 414.  *Bresler v. Pendell*,
12 Mich., 224.  *Brown v. Weber*, 38 N. Y., 187.

*M. O'Donahue*, for defendant in error, cited cases re-
ferred to in opinion.

REESE, J.

This cause was tried in the district court upon an agreed
statement, wherein the facts are stated at some length, but

4

which we think can be fairly abridged to the following: The plaintiffs in error employed one Schindler to do and cause to be done for them all the carpenter work in and about the construction of certain grain houses and elevators along the line of the B. & M. R. R. in Nebraska for a gross sum agreed to be paid him by them. Schindler entered upon the performance of his contract, and in the prosecution of said work employed the defendant in error to labor for him thereon ,at carpenter work. After the plaintiff had worked for said Schindler some time on said grain houses and elevators, he went to one of the plaintiffs in error, and told him that he (defendant in error) was not going to work any longer for Schindler unless he knew where his pay was coming from. To which the defendant replied, saying he wanted defendant in error to keep on with the work, and that defendants would see it paid for, providing Schindler did not pay for it. Whereupon; defendant in error, relying on said promise, continued to work, and thereafter worked twenty-six days, which was of the value of seventy-one dollars and fifty cents. That Schindler has paid thereon the sum of twenty dollars; the plaintiffs in error, at Schindler's request, have paid twenty-two dollars, and there is still due the defendant in error on account of said work the sum of twenty-nine dollars and fifty cents. The trial resulted in a finding for the defendant in error, and a judgment in his favor. The cause is brought into this court by petition in error.

It is claimed by plaintiffs in error that the promise being to answer for the default of Schindler is void by the statute of frauds, not being in writing, and this is the only question presented for decision.

In *Young v. French*, 35 Wis., 116, it is said: "Where the party promising has for his object some benefit and advantage accruing to himself, and on that consideration makes the promise, this distinguishes the case of an original undertaking from one within the statute;" and a large

majority of the cases which we have examined seem to follow this rule. But none of them are upon a case similar to the one at bar. In fact, our attention has not been called to a similar case.

In *Clapp v. Webb*, 52 Wis., 641, it is said the supreme court of that state has repeatedly decided that "the alleged promise is within the statute unless it was founded upon a new and independent consideration passing between the newly contracting parties." We conclude that if this case is taken out of the statute, it must be by virtue of a new and independent consideration passing between the parties, or by reason of some benefit and advantage accruing to the promisors, and that they on that consideration made the promise. It is claimed by plaintiff in error that the decision in *Rose v. O'Linn*, 10 Neb., 364, virtually disposes of this case in his favor. Although there is, as we think, a difference between that case and this, as in that a part of the services had been rendered, and it was claimed that the plaintiffs in error agreed to "see" the whole bill paid; yet the difference is so slight as not to be material, and the rule laid down in that case must govern this.

The defendant in error claims that this case is similar to the case of *Fitzgerald v. Morrissey*, 14 Neb., 198, and the case of *Clopper v. Poland*, 12 Neb., 69, and that they are decisive of this. In the first case named, Morrissey had been working for a subcontractor on the grading of a railroad for Fitzgerald; the subcontractor had failed to pay Morrissey, and he, Morrissey, had determined to abandon the work. Fitzgerald, who had a large amount of grading to do, then promised Morrissey if he would continue to work on said grade for *him*, that, in addition to the usual and regular wages, he would *pay* Morrissey the amount due him from the subcontractor. In consideration of this promise, Morrissey began to work for Fitzgerald. It was claimed by Fitzgerald that the promise to pay the amount due from the subcontractor was within the statute.

of frauds, and void, but it was held not to be so, which was clearly correct. It was a new and independent contract, founded upon a consideration. The amount promised Morrissey for his labor included the amount due him from the contractor. It was a direct promise founded upon a consideration to pay the debt.

The case of *Clopper v. Poland* is based upon the same principle. Fleury & Company were indebted to Poland, and sold certain property to Clopper, and as a *part of the purchase price of said property*, Clopper agreed to pay the debt in question, and after paying a part of it, refused to pay the remainder for the reason that the promise was void, not being in writing. This court held the promise good, as being a direct promise to pay the debt, founded upon a consideration. The payment of the debt did not increase the purchase price of the property, but was deducted from it. It was founded upon a consideration which could not be questioned, and the promise was an original one, and in no sense collateral.

In the case at bar, Morrissey received nothing for his promise. There is no intimation that Schindler's contract would not have been performed but for the work of defendant in error. Plaintiff in error could in no sense be the gainer by reason of the defendant in error continuing to work for Schindler. The promise was clearly unsupported by any consideration. Then again it was as clearly a collateral promise. It was to "see" the debt paid. In other words, to see that Schindler paid the defendant what he would owe him for his labor. But it is claimed that as defendant in error was laboring on buildings which plaintiffs in error owned, he was benefited by having defendant continue to work thereon. We cannot so view it. But if this is the case, the advantage or benefit is more remote than the advantage gained by Rose in the case of *Rose v. O'Linn, supra,* for in that case the party for whose benefit the promise was made was the hired laborer of the

promisor, who certainly would be indirectly benefited by having his employe cured of his wounds by the surgeon to whom the promise was made. Yet that was held to be not enough to take the case out of the statute. With the ethics of the case we can have nothing to do. The promise was within the statute of frauds, and is void. The case must be reversed and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur.