MILTON ROGERS ET AL., PLAINTIFFS IN ERROR, V. THE EMPKIE HARDWARE COMPANY, DEFENDANT IN ERROR.

1. Statute of Frauds: PROMISE TO PAY DEBT OF ANOTHER. A direct promise of an agent of a wholesale mercantile establishment, who is in the possession of the goods of an insolvent firm in satisfaction of a debt of his principal, made to an attorney of another creditor of such insolvent firm, to pay a claim held by such attorney against said firm if he will not disturb him in the possession of the goods, is not a promise to answer for the debt of another, and need not be in writing.

2. Principal and Agent. A principal must adopt the acts of his agent as a whole, and will not be permitted to retain that part which is beneficial and reject that which is not.

ERROR to the district court for Douglas county. Tried before WAKELEY, J.

*Hall & McCulloch,* for plaintiffs in error, cited: *Clay v. Tyson,* 19 Neb., 530.

*Howard B. Smith,* for defendant in error, cited: *Simpson v. Patten,* 4 Johns., 422. *Duffy v. Wemsch,* 42 N. Y., 243. *Fullam v. Adams,* 47 Vt., 401.

MAXWELL, J.

In the spring of 1883 the firm of Lanick & Urban were doing business at Wahoo, and were indebted to the defendant about $1,200, and to the plaintiff about $183. In April of that year a traveling salesman of the defendant called upon Lanick & Urban and found that they were in embarrassed circumstances, and about to make an assignment for the benefit of their creditors. He persuaded them not to make such assignment, but to turn the goods over to him in satisfaction of defendant's debt, and he seems to have promised to take one of the partners into partnership with himself. There is some contention that the salesman gave his own notes to Lanick & Urban for the goods, but even if this is so it is clearly shown that the notes were paid from the amount owing the defendant. About the time of the transfer of the goods from Lanick & Urban to the defendant's salesman the plaintiff sent an attorney to collect or obtain security for their claim. The defendant's salesman assured this attorney that he had taken these goods to secure the defendant's claim, and if not disturbed by legal proceedings or otherwise he would be able to collect the same, and he promised the attorney that if he would not interfere with him in the possession of the goods he would pay the plaintiff's claim out of the first money received from the sale of the goods. This offer the attorney accepted, and the plaintiff has not interfered in any manner with the defendant or its agent's possession of the goods. A few days after this agreement the defendant's salesman sold the goods in question for about the sum of $1,500, the bill of sale being made in the defendant's name. The plaintiff thereupon desired the defendant to pay the claim, which it refused to do upon the ground that the contract was made with its agent in his own name, and that such agent had no authority to bind

the defendant by a promise to pay, such as that alleged. On the trial of the cause in the court below the issues were found in favor of the defendant, and the action dismissed.

There is but little conflict in the testimony, the principal questions relating to the law of the case.

The first question presented is, whether or not the contract was a promise to pay the debt of another, and therefore necessary to be in writing?

The promise is direct—that the salesman would pay the debt if not disturbed. He had at that time more goods in his hands than were necessary to pay the defendant's claim. His promise was not conditional, but absolute, and for a benefit to be received by the promisor or his principal. In such case, the promise need not be in writing. *Nelson v. Boynton,* 3 Met., 396. *Clopper v. Poland,* 12 Neb., 69. *Clay v. Tyson,* 19 Id., 530. *Morrison v. Hogue,* 49 Iowa, 574. *Ellwood v. Monk,* 5 Wend., 235. *Lawrence v. Fox,* 20 N. Y., 268. *Farley v. Cleveland,* 4 Cowen, 432. *Fitzgerald v. Morrissey,* 14 Neb., 198. *Romberg v. Hughes,* 18 Neb., 579. The contract therefore was valid, although not in writing.

2d. If it is conceded that the salesman of the defendant had no authority to enter into the contract which is the foundation of this action, yet, the defendant having ratified the acts of its agent by retaining the proceeds of the goods after it had full notice of the nature of the contract alleged, it is liable. The rule is, that a party who affirms a contract made for him by his agent must adopt all the instrumentalities employed by his agent to bring it to a consummation. *N. E. Mtge. Sec. Co. v. Hendrickson,* 13 Neb., 575. *Elwell v. Chamberlain,* 31 N. Y., 619. *Fuller v. Wilson,* 3 Ad & E. (N. S.), 56. *Nat. Expr. Co. v. Drew,* 32 Eng. Law and Eq., 1. The reason is, a principal must adopt the acts of his agent as a whole, and he will not be permitted to adopt those which are beneficial to him and reject the remainder. Had it not been for the agreement

in question, there is no doubt that the plaintiff would have collected their claim out of the goods of Lanick & Urban. It is but justice, therefore, to require it to pay said debt. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.