FRANK M. JOHNSON, APPELLEE, V. ANDERS E. ANDERSON, APPELLANT.

299 N. W. 343

FILED JULY 18, 1941. No. 31077.

*Jeffrey & Padley,* for appellant.

*Cook & Cook, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER and ELLIS, District Judges.

EBERLY, J.

This is an action at law to recover a balance alleged to be due the plaintiff from the defendant for services rendered by the plaintiff as attorney at law for one Griffith, defendant in a case entitled, State of Nebraska v. Griffith, at the trial thereof in the district court for Dawson county.

There was a trial to the court, a jury being waived, resulting in a finding and judgment for plaintiff. From the order of the trial court overruling his motion for a new trial, the defendant appeals.

The question here litigated by the parties, and presented by their briefs, is the applicability of our statute of frauds to the oral contract in suit.

Plaintiff's petition alleges the employment of plaintiff by Anders E. Anderson on or about the 1st day of March, 1935, to defend Donald Griffith in the case of State v. Griffith; further, that the services were performed pursuant to contract and that on April 3, 1935, it was agreed between Anderson and plaintiff that $500 was the fair and reasonable value for the services which plaintiff had performed; that plaintiff had received the sum of $300 thereon and the defendant then and there agreed to pay the remaining sum of $200 as soon as he, defendant Anderson, had disposed of some crops.

Defendant Anderson, in effect, denied the making of the contract with plaintiff, and alleged that he was in no way indebted to the plaintiff.

According to plaintiff's testimony there was no definite arrangement between himself and Anderson for payment prior to the completion of the trial of State v. Griffith in the district court. The trial of this case was commenced on the 19th day of March, 1935, and terminated on the 23d day of the same month, and resulted in the acquittal of the defendant. Plaintiff Johnson's services for which recovery is sought had been fully performed prior to the oral agreement of Anderson on which plaintiff relies.

On cross-examination the plaintiff, Johnson, testified as follows: "Q. Now, for the purpose of the record, you are relying on your claim of $200 on the promises made by— according to your testimony, on the promises made by Anders Anderson on the 3d day of April (1935) to pay this fee, is that correct? A. That is correct."

The evidence in the record shows without dispute that prior to the 3d day of April, referred to in the testimony quoted above, there had been no definite contract of employment between Johnson, the plaintiff, and Anderson, the defendant. On such 3d day of April, after all services of attorney Johnson in the case of State v. Griffith had been com-

pleted, Johnson testifies an oral conversation was had and an oral agreement as to fees was entered into between himself and defendant, Anderson. The following excerpt from Johnson's testimony discloses his claims as to the nature of this oral agreement and the terms thereof: "Mr. Anderson asked me how much or how large a fee I thought I should have for the services rendered, and I told Mr. Anderson that if it were people who had any amount of funds, that for the services I had rendered and the results accomplished, I could very reasonably charge a fee of $1,000, but under the circumstances, I thought that was too much; and he said, 'Well, if I could make some arrangement on my own part to help out, what do you think you ought to have to fairly reimburse you?' I told him if he had any idea of doing that, I wouldn't have to call upon Dawson county for an additional contribution in the case, that it had had to pay all the court costs, the witness fees, and that was quite an item, that I would take $600 if he would pay the difference between what he had collected by subscriptions, and $600, I would feel satisfied. He sat there and thought for quite a little bit, and said, 'Well, will you take $500 if I make up the difference myself?' And I said, 'Well, when would you want to pay it?' He said, 'Well, I will give you a check today to add enough to the contributions so that you will have $300, and I will pay you the additional $200 so you will get $500. That is, $500 in all.' "

This oral offer, Johnson testifies, was made by Anderson, and by plaintiff orally accepted, and was the agreement upon which he relies for recovery. This testimony was substantially denied by the defendant, but the district court determined this issue of fact against the defendant. The latter on appeal contends that the oral engagement or contract relied upon is void under our statute of frauds. This contention we find must be sustained. There is no definite contract of employment for Johnson's services as attorney in the case of State v. Griffith established by the evidence in the record prior to April 3, 1935. No definite obligation existed between these parties on that subject prior to that

date. The amount due for these attorney fees was not the debt of Anderson and such services were fully performed and completed at the close of the trial in the district court on the 23d day of March, 1935. It affirmatively appears that this oral agreement was not reduced to writing, nor was such agreement or some note or memorandum thereof signed by the party to be charged therewith.

This claimed oral contract is strictly within the following provision of our statute of frauds: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith. * * * Second. Every special promise to answer for the debt, default or misdoings of another person." Comp. St. 1929, sec. 36-202.

In the present case the oral promise as claimed was, in effect, to pay a primary debt of another antecedently contracted, and no new consideration moved to the promisor. Under these circumstances, "It is said that a consideration to support a promise, not in writing, to pay the debt of another must be of a peculiar character, and must operate to the advantage of the promisor, and place him under a pecuniary obligation to the promisee independent of the original debt, which obligation is to be discharged by the payment of that debt." 25 R. C. L. 495, sec. 79. See, also, 27 C. J. 134; *Morrissey v. Kinsey,* 16 Neb. 17, 19 N. W. 454; *Union Loan & Savings Ass'n v. Johnson,* 118 Neb. 17, 223 N. W. 467; *Rose v. O'Linn,* 10 Neb. 364, 6 N. W. 430.

In the instant case, it is obvious that the oral obligation relied on is clearly within the inhibition of our statute of frauds, and that no recovery can be sustained thereon over the objection of the party sought to be charged.

In the entry of its finding and judgment the district court erred. The judgment is, therefore, reversed and the action dismissed.

REVERSED AND DISMISSED.