MABEL V. SACK AND MABEL V. SACK, ADMINISTRATRIX OF THE ESTATE OF WILLIAM T. SACK, DECEASED, APPELLANTS, v. HENRIETTA SACK ET AL., APPELLEES.

55 N. W. 2d 505

Filed November 7, 1952. No. 33196.

Moses H. Wittstruck and Ralph S. Moseley, for appellants.

R. A. Boehmer, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Mabel V. Sack in person and as administratrix of the estate of William T. Sack, deceased, against Henrietta Sack and others, for specific performance of an alleged written contract claimed

to have been entered into on May 14, 1945, by and between Carl J. Sack and Henrietta Sack, parties of the first part, and William T. Sack, party of the second part, whereby the first parties agreed to sell to the second party Lots 10 and 11, Block 6, Ridgeway, an Addition to Lincoln, Lancaster County, Nebraska, which lots were owned in joint tenancy by the first parties; for damages; and for an accounting.

Prior to the commencement of the action Carl J. Sack as well as William T. Sack had died. The action is prosecuted by Mabel V. Sack as widow of William T. Sack and as administratrix of his estate. She will hereinafter be referred to as plaintiff.

The defendants are Henrietta Sack in person, one of the alleged first parties, and as widow of Carl J. Sack, and other named heirs-at-law of Carl J. Sack, deceased. For the further purposes of this opinion mention of any defendant other than Henrietta Sack will not be required. Henrietta Sack will therefore be referred to as the defendant.

Prior to May 14, 1945, Carl J. Sack and Henrietta Sack were, as already indicated, the owners of the lots described. On each of the lots is a dwelling house used for rental purposes.

The plaintiff alleged that on May 14, 1945, a written contract was entered into whereby Carl J. Sack and Henrietta Sack agreed to sell to William T. Sack the two lots. The purported contract is made a part of the petition. The named consideration is $5,500 of which amount the instrument declared $1,800 was at the time in hand paid. The method and plan for further payments is set forth in the instrument. The method and plan for closure of the transaction on payment of the full purchase price is also included. This included the giving of a warranty deed.

It was alleged that William T. Sack had fully performed and the plaintiff prayed for specific performance in accordance with the terms of the instrument.

As pointed out the action was also for damages and for an accounting. The assignments of error do not relate to these questions. Also there was no evidence relating thereto upon which to base a finding in favor of plaintiff. That phase of the action therefore will receive no further consideration herein.

By answer the defendant denied that either she or Carl J. Sack signed, executed, or delivered the purported contract or agreement described in the petition and she further denied that William T. Sack paid to her or to Carl J. Sack or any person in their behalf $1,800 or any other sum as a part of the purchase price of the lots described.

By this answer she put in issue the existence of the instrument as a valid, binding, and enforceable contract or agreement. The issue was tried to the court. At the conclusion of the trial a decree was entered finding against the plaintiff and dismissing her petition. A motion for new trial was thereupon duly filed which was overruled. From the decree and the order overruling the motion for new trial the plaintiff has appealed.

By the issue made by the pleadings the burden devolved on the plaintiff to prove the execution of the instrument and the consideration. In Fairchild v. Fairchild Clay Products Co., 141 Neb. 356, 3 N. W. 2d 581, it is stated: "The correct rule is that, when a party affirmatively pleads a fact which is material to the issue, he thereby assumes the burden of proving the existence of such fact." See, also, Riley v. Riley, 150 Neb. 176, 33 N. W. 2d 525; Masonic Temple Craft v. Stamm, 152 Neb. 604, 42 N. W. 2d 178; Hammer v. Estate of Hammer, 155 Neb. 303, 51 N. W. 2d 609.

As we interpret, by plaintiff's first assignment of error it is contended that the execution of the instrument was proved and the court erred in finding to the contrary.

Whether or not it was the intention of the district court to turn the decision on this point is not determi-

nable from the decree since there is no finding upon any particular fact or facts. The recital as to findings in the decree is only the following: "* * * the Court finds in favor of defendants and against the plaintiffs and finds that action of plaintiffs be dismissed with prejudice at costs of plaintiffs." It will be assumed however that the finding related to this issue.

Accordingly it becomes necessary to review the evidence on this subject. There is evidence from which it may be reasonably inferred that Carl J. Sack signed the instrument, although there is none that anyone saw him sign. The evidence in this connection is that he brought the instrument and a duplicate thereof to the home of William T. Sack and that the names of Carl J. Sack and Henrietta Sack were appended to each, also that the name of Charles A. Deklotz appeared thereon as a witness, and that he presented it as having been signed and witnessed. The evidence came from witnesses who were in the home of William T. Sack at the time or who came after Carl J. Sack came with the instrument. These witnesses testified that at the time William T. Sack signed and two of them signed as witnesses. They testified substantially, over appropriate objection, that Carl J. Sack said that the name of Henrietta Sack thereon was her signature. This was all the evidence offered by plaintiff to prove that Henrietta Sack had signed the instrument.

From the assignment of error mentioned it appears that plaintiff contends that Henrietta Sack as a witness at the trial admitted that her signature was on the instrument and that the court erred in not finding in accordance with the admission.

From a careful reading of her testimony it cannot be said that she made any such admission. From first to last she denied that she had ever appended her signature to the instrument. The plaintiff interprets testimony on pages 203 and 204 as an admission that her signature was on the instrument. It cannot be so interpreted. The

reference is obviously to the following: "Q- I'm asking you if that is really your signature. Look how the letters are made, how the name is written. * * * A- Well, I think that is our signature. Q- You said that was your signature? A- Yes." It is urged by plaintiff that these questions had reference to the instrument in question here, which is Exhibit No. 2. Immediately following the second answer the attorney for the defendant interpolated the following: "On No. 1 she is referring to." He was referring to Exhibit No. 1 whereon were admitted signatures of Carl J. Sack and Henrietta Sack. There appears no protest as to the accuracy of this protective reference made by the defendant's attorney, and furthermore there is nothing to identify the questions and answers with any instrument.

No finding is possible other than that there was total failure of proof that Henrietta Sack signed or executed the instrument on which plaintiff bases her cause of action unless it may be said that the testimony of third persons as to declarations made by Carl J. Sack was admissible and binding on the defendant.

In this connection the plaintiff advances the theory that Carl J. Sack was the agent of the defendant and therefore she became bound by his declarations.

As to this question this court has said: "The question of agency is one of fact and there is no presumption of its existence. The party alleging the existence of the agency relationship assumes the burden of proving the agent's authority and that the acts of the agent, for which liability against the principal is sought, must be shown to be within the scope of the agent's authority." Meier v. Geldis, 148 Neb. 234, 26 N. W. 2d 813. See, also, Wagoun v. Chicago, B. & Q. R. R., 155 Neb. 132, 50 N. W. 2d 810.

There was no proof adduced or offered that in the present situation Carl J. Sack was or held himself out as agent in any capacity for the defendant. The case was not presented on any theory of agency as regards the instrument. It was presented on the theory that

there was a joinder of the two in its execution.

There is no contention on the part of plaintiff that the instrument would be enforceable in the absence of a valid signature of the defendant thereon. The plaintiff therefore having failed to sustain the burden of proving the execution of the instrument by the defendant it must be said, on this basis, that the finding of the district court was correct.

Even if it be assumed that the plaintiff adduced evidence sufficient prima facie to show that this was a valid instrument validly executed and delivered, still on the weight of evidence as it appears in the bill of exceptions the judgment must be against the plaintiff.

One of the contentions of defendant was that the names of Carl J. Sack and Henrietta Sack thereon as parties and the name of Charles A. Deklotz as a witness were not their signatures, but were forgeries. As to this, as pointed out, Carl J. Sack had died before the commencement of the action. Charles A. Deklotz was dead at the time of the trial. The evidence bearing on the question came from the defendant and other witnesses purporting to have familiarity with the handwriting of these two deceased persons and persons having expert knowledge in the field of handwriting.

Without detailing what appears it will simply be said that the evidence on the contention of the defendant that these names were not the signatures of these three greatly preponderates in her favor. On this basis also the decree of the district court was correct.

In the light of these conclusions the other assignments of error require no consideration herein.

The decree of the district court is affirmed.

AFFIRMED.