In re Estate of Henrietta B. Bollerup, deceased. Otto Gas, Incorporated, appellant, v. Edna Grace Stewart, administratrix, appellee.

69 N. W. 2d 545

Filed April 8, 1955. No. 33713.

*Fred T. Hanson,* for appellant.

*Stevens & Scott,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This litigation concerns a claim of appellant against the estate of Henrietta B. Bollerup, deceased. The existence and validity of it were challenged by appellee. The county court allowed it. The representative of the estate prosecuted an appeal to the district court. The result of a trial of the claim in that court was an adjudication disallowing it.

Keith E. Bollerup died testate July 6, 1952. His will was probated August 11, 1952. It named his wife, Henrietta B. Bollerup, as sole legatee and devisee, and she was appointed and qualified as executrix of his will and estate. The deceased was indebted to appellant at the time of his death. A claim for that indebtedness is the subject of this case. The time for filing claims against the estate of the deceased expired with November 28, 1952. Appellant did not file a claim for the indebtedness owing it by the deceased. Henrietta B. Bollerup died intestate January 4, 1953. Her heirs were two daughters then 5 and 3 years of age respectively. Edna Grace Stewart is administratrix of the estate of Henrietta B. Bollerup, deceased.

Appellant alleged that before November 20, 1952, Henrietta B. Bollerup requested that the indebtedness not be filed against the estate of the deceased but that it be transferred to her personal account with appellant so that an extension of the time of payment of it might be effected; that in consideration of her request to be substituted as debtor and her promise to pay the indebtedness appellant did transfer the debit

balance of the account of the deceased to the account of Henrietta B. Bollerup with it; that appellant did not file a claim for the amount owing it by the deceased against his estate; and that by reason thereof the widow of the deceased became and was the only debtor of appellant for the indebtedness in the net amount of $1,872.38.

Appellee denied the allegations of the claimant and asserted that the indebtedness described and alleged in its claim was the debt of Keith E. Bollerup and not the debt of his widow; that no part thereof was incurred by her and she was not indebted to appellant in any amount; that the alleged transfer of the account of the deceased with the appellant to the account of his widow was only a paper transaction on the books of the claimant; that it was without consideration to and without written authority of Henrietta B. Bollerup; that it was wholly void because of the statute of frauds of Nebraska; and that the claim of appellant was not a proper one against the estate of Henrietta B. Bollerup.

Hereafter Keith E. Bollerup will be described as the deceased; Henrietta B. Bollerup by her name or as widow of the deceased; and C. A. Bollerup as Bollerup.

There was a transaction in the offices of appellant November 10, 1952, which concerned the account of Keith E. Bollerup as it existed at the time of his death. His widow, Bollerup, Paul Brandt, and Marieta Balius were there. The three persons last named were respectively the president, bookkeeper, and assistant bookkeeper of appellant. The widow of the deceased and Bollerup had a conversation in a room of the offices. The other persons were not in that room. Later the bookkeeper was called into the room and was informed by Bollerup that the bookkeeper was to transfer the account of the deceased with appellant to the account of Henrietta B. Bollerup, and that he was to observe the proper procedure to accomplish this. Bollerup and the widow of deceased were present and the book-

keeper stated his conclusion that they indicated their desire that the transfer be made. There was nothing said to the knowledge of the bookkeeper about giving the widow an extension of time for payment of the indebtedness. He testified he could not definitely remember that the widow of the deceased said anything in his hearing except "She stated in regard to not having sufficient funds." Notwithstanding this he was permitted to testify "* * * I believe she didn't have sufficient funds and still go on and have enough to live on. That was my idea of it."

Proper entries in the journal of appellant were made by the bookkeeper to balance and close the account of the deceased, and an amount equal to the balance of that account was charged to Henrietta B. Bollerup. The assistant bookkeeper was instructed by her superior to .make proper "Accounts Receivable entries" in the records of appellant based on what the bookkeeper had written in the journal and she did this in the presence of Henrietta B. Bollerup. The assistant bookkeeper testified all she heard of the conversation between Bollerup and Henrietta B. Bollerup was she desired the account of the deceased transferred to her account and she asked how it could be done. The witness did not hear any promise of the widow of the deceased to pay the account and did not hear any reason stated for the transfer.

There was no writing signed by Henrietta B. Bollerup evidencing a promise by her to pay appellant the indebtedness her deceased husband owed it at the time of his death. Any oral collateral promise by her to do so by which she became only a surety or guarantor is within the statute of frauds and unenforcible. § 36-202, R. R. S. 1943. An oral agreement to pay a primary debt of another antecedently contracted without a new consideration moving to the promisor is within the statute of frauds. Johnson v. Anderson, 140 Neb. 78, 299 N. W. 343. This provision of the statute has been many times

considered and its meaning has not been enlarged by interpretation. In re Estate of Allen, 147 Neb. 909, 25 N. W. 2d 757.

The fate of the claim of appellant depends upon whether or not the widow of the deceased made a promise to appellant to pay the indebtedness described therein and if she did, whether or not she was motivated in doing so to subserve and promote her interests, objects, or purposes, and not to become a guarantor, and whether or not there was a sufficient consideration for the agreement. The rule is stated in the early case of Fitzgerald v. Morrissey, 14 Neb. 198, 15 N. W. 233: "Where the leading object of a party promising to pay the debt of another is to promote his own interests, and not to become guarantor, and the promise is made on sufficient consideration, it will be valid although not in writing. In such case the promissor assumes the payment of the debt." The latest announcement of the doctrine made by this court is in King v. Schmall, 156 Neb. 635, 57 N. W. 2d 287: "A consideration to support a promise, not in writing, to pay the debt of another must operate to the advantage of the promisor, and place him under a pecuniary obligation to the promisee independent of the original debt, which obligation is to be discharged by the payment of that debt."

The proof discloses only that the bookkeeper of appellant was told by Bollerup in the presence of Henrietta B. Bollerup that he should transfer the account of deceased with appellant to the account of his widow. The bookkeeper states the conclusion that each of the principals indicated a desire to have this done. The bookkeeper could not remember that the widow of the deceased said anything except something about not having sufficient funds. There were entries made in the books of appellant to balance and close the account of the deceased and an amount equal to that amount was charged to the account of the widow of the deceased with her knowledge that it was done. There was evi-

dence stated as a conclusion of the witness that Henrietta B. Bollerup wanted the transfer made and inquired how it could be done. There is no evidence that the widow made any promise to pay appellant the indebtedness of her deceased husband. Likewise there is no proof that appellant bound itself to refrain from filing a claim against the estate of the deceased; that it would or did extend or postpone the time of the payment of the indebtedness; or that it subjected itself to any forbearance. The record is silent as to these subjects. There was no affirmative act of appellant after the transfer indicating its belief that the widow of deceased had become its debtor and that it was pursuing her as such.

Appellant relied upon an alleged oral promise of the widow to pay an indebtedness of her husband. Appellee interposed a denial and asserted that the debt in issue was that of the deceased; that there was no consideration for the alleged promise; and that it was within the statute of frauds. The burden was with appellant to prove that the alleged promise was made; that it was not within the statute of frauds; and that there was a sufficient new consideration. Without proof of these matters by appellant its case could not survive and an adjudication against it was inevitable. Benes v. Reed, 158 Neb. 128, 62 N. W. 2d 320; Sack v. Sack, 156 Neb. 171, 55 N. W. 2d 505; Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531. Appellant does not contend otherwise. It interprets the authorities it quotes and discusses, and other cases on the subject by this comment: "Other cases on the point are in agreement that an oral promise to pay the debt of a decedent in consideration of the forgoing (sic) of a claim against the estate is not within the statute of frauds if the forgoing (sic) of the claim operates directly to the advantage of the promisor." The deficiencies in the case of appellant are the absence of proof of a promise of Henrietta B. Bollerup to pay the indebtedness, of an obligation of appellant to refrain from filing a claim against the estate of the deceased, or of any

committal of appellant to enlarge the time within which to pay the indebtedness.

This court must in determining if the findings of the trial court are supported by evidence consider the proof and any inferences deducible therefrom most favorably to appellee. In re Estate of Hunter, 151 Neb. 704, 39 N. W. 2d 418; In re Estate of Fehrenkamp, 154 Neb. 488, 48 N. W. 2d 421.

The evidence is meager, equivocal, and unsatisfactory. The trial court had the advantage of observing the witnesses while they testified. It found that the evidence was insufficient to show that Henrietta B. Bollerup agreed to pay the indebtedness owing to appellant by her husband at the time of his death and it found generally against the appellant and in favor of appellee. The findings of a trial court in an action at law have the effect of a verdict of a jury and will not be disturbed on appeal unless they are clearly wrong. Grant v. Williams, 158 Neb. 107, 62 N. W. 2d 532. The record does not permit it to be justifiably concluded that the findings of the trial court are clearly wrong.

The judgment of the district court should be and it is affirmed.

AFFIRMED.