WARD BRANHAM, APPELLEE, v. RICHARD McGINNIS, APPELLEE, IMPLEADED WITH GILBERT GIBREAL, APPELLANT.

280 N. W. 2d 47

Filed June 12, 1979. No. 42073.

Marks, Clare, Hopkins & Rauth, for appellant.

Joseph A. Troia of Troia Law Offices, P.C., for appellee Branham.

Heard before KRIVOSHA, C. J., McCOWN, and WHITE, JJ., and KORTUM and FAHRNBRUCH, District Judges.

KORTUM, District Judge.

This is an action brought by plaintiff, Ward Branham, for a money judgment against the defendants, Richard McGinnis and Gilbert Gibreal. The municipal court of the city of Omaha entered judgment against both defendants. Upon appeal the District Court affirmed the municipal court judgment.

In August of 1975, the defendant McGinnis wanted to borrow $3,500 from the defendant Gibreal to start a horse feed-store business. At that time McGinnis owed $1,200 to the Gibreal Auto Leasing company. Before Gibreal would loan the $3,500 to McGinnis, Gibreal wanted the $1,200 loan repaid. McGinnis asked the plaintiff Branham to loan him, McGinnis, the $1,200 owed to Gibreal Auto Leasing company. McGinnis told Branham that he would pay Branham back out of the proceeds of the new $3,500 loan he was to receive from Gibreal.

Branham testified that when he contacted Gibreal about the transaction, Gibreal orally promised that if the $3,500 loan was not made to McGinnis, he, Gibreal, would return the $1,200 to Branham. Branham further testified that Gibreal guaranteed the repayment to him if McGinnis failed to pay back the $1,200 or any part thereof.

McGinnis only paid $500 back to Branham. Branham then went to Gibreal for the additional $700. Gibreal gave Branham a $700 draft on Gibreal Auto in exchange for Branham's undated personal check for $700. Branham testified that Gibreal agreed not to cash his check until such time as McGinnis paid $700 to Branham. The $700 draft on Gibreal Auto was not honored by Gibreal's bank, and Branham then returned to Gibreal who exchanged that draft for a $700 check drawn on Gibreal Auto Leasing. This $700 check was cashed by Branham on October 30, 1975. On December 22, 1975, Gibreal cashed Bran-

ham's $700 personal check although McGinnis had not paid Branham. The defendant McGinnis made no appearance in any of the proceedings herein.

On appeal the defendant Gibreal contends as follows: (1) That the District Court erred in determining that Gibreal was a proper party defendant in his individual capacity instead of Gibreal Auto Sales, Inc.; and (2) that the District Court erred in holding that the statute of frauds was not applicable to the facts in this lawsuit.

It is clear that the $1,200 check which plaintiff Branham gave to defendant Gibreal on August 29, 1975, was made out personally to Gilbert Gibreal and not to any corporation. There are other documentary exhibits which would support the contention of Gibreal that this was a corporate transaction. However, the trial court was entitled to look at the entire transaction to determine the actual relationship between the parties as opposed to the claims made by them.

It is also clear that where various corporations, substantially owned by one individual, are but instrumentalities through which such individual transacts his business, and, where such corporations are used as a cloak or shield to perpetrate a fraud, a court of law will examine the whole transaction, looking through corporate forms to the substance of things to protect the rights of innocent parties and to circumvent fraud. Massachusetts Bonding & Ins. Co. v. Master Laboratories, 143 Neb. 617, 10 N. W. 2d 501.

There is nothing inherent in the transaction between plaintiff Branham and defendant Gibreal which automatically catagorized the transaction as corporate business. The trial court properly disregarded the corporate fiction where its retention would have produced injustice and inequitable consequences.

The defendant Gibreal further contends that the

statute of frauds was applicable in this action. The promise to answer for the debt, default, or misdoings of another has been defined as an undertaking by a person not before liable, for the purpose of securing or performing the same duty for which the original debtor continues to be liable. The purpose of section 36-202, R. R. S. 1943, as amended, is to require satisfactory evidence of such promises.

However, where the leading object of a party promising to pay the debt of another is to promote his own interests, and not to become a guarantor or surety, and the promise is made on sufficient consideration, it will be valid although not in writing. Under these facts in such a case, the promisor assumes payment of the debt. Fitzgerald v. Morrissey, 14 Neb. 198, 15 N. W. 233.

The trial court correctly admitted evidence of the transaction. This evidence discloses that the benefit derived by the defendant Gibreal was not remote or incidental but was, in fact, substantial. The $1,200 was paid directly to Gibreal and thus the consideration flowed directly to him. A review of the record shows the transaction was not an oral agreement to pay the primary debt of defendant McGinnis but that new and sufficient consideration moved to the promisor Gibreal. The case is therefore not within the statute of frauds.

The judgment of the District Court is correct in all respects and is affirmed.

AFFIRMED.