VSC, INC., APPELLEE AND CROSS-APPELLANT, V. RICHARD
L. LILJA, APPELLANT AND CROSS-APPELLEE, IMPLEADED
WITH MYRTLE B. LILJA, APPELLEE.

280 N. W. 2d 901

Filed July 3, 1979. No. 42148.

Norris G. Leamer, for appellant.

Smith, Smith & Boyd, for appellee VSC, Inc.

Heard before BOSLAUGH, McCOWN, BRODKEY, and
WHITE, JJ., and KNAPP, District Judge.

KNAPP, District Judge.

VSC, Inc. sued Richard L. Lilja and Myrtle B.
Lilja, husband and wife, on open account, claiming
$15,596.55 due and unpaid for merchandise, goods,
and wares furnished. Defendants answered alleging
the account was actually that of Lilja's Department
Store, Inc., a corporation, and that defendants had
not signed any agreement, note, or memorandum
wherein they promised to answer for such debt.

The issues actually tried were: (1) Whether the
$15,596.55 admittedly due was a debt of Lilja's De-

partment Store, Inc., or a personal debt of the defendants; (2) if found to be a debt of the corporation, whether defendants had orally promised to answer therefor; and (3) if defendants had so promised, whether the promise was within the statute of frauds, section 36-202 (2), R. R. S. 1943, and hence unenforceable.

The trial court, sitting without a jury, found the debt to be originally that of the corporation; found that no promises had been made by Myrtle B. Lilja and dismissed the action as to her; found that Richard L. Lilja had orally promised to answer for the debt; found that the circumstances surrounding the promise were such that the promise was not within the statute of frauds; and entered judgment against Richard L. Lilja for the amount of the prayer.

Motion for new trial was overruled and Richard L. Lilja appeals assigning as error, essentially, that the court's findings are contrary to law and are not supported by the evidence. We affirm.

This appeal is governed by the following principles. "Where the leading object of a party promising to pay the debt of another is to promote his own interests, and not to become guarantor, and the promise is made on sufficient consideration, it will be valid although not in writing. In such case the promissor assumes the payment of the debt." Fitzgerald v. Morrissey, 14 Neb. 198, 15 N. W. 233.

"A consideration to support a promise, not in writing, to pay the debt of another must operate to the advantage of the promisor, and place him under a pecuniary obligation to the promissee independent of the original debt, which obligation is to be discharged by the payment of that debt." King v. Schmall, 156 Neb. 635, 57 N. W. 2d 287.

"This court in determining if findings of the district court are sustained by evidence must consider the proof and permissible inferences therefrom most favorably to the successful party." Otto Gas, Inc.

v. Stewart, 160 Neb. 200, 69 N. W. 2d 545.

"The findings of a trial court in an action at law have the effect of a verdict of a jury and will not be disturbed on appeal unless they are clearly wrong." Otto Gas, Inc. v. Stewart, *supra*.

Appellee, VSC, Inc., is a wholesale supplier to small retail dry goods stores in the midwest. Lilja's Department Store, Inc. (hereinafter the Store), is a closely held family corporation formed in 1965 by appellant, his wife, and his father; its stated nature of business was to establish and conduct a general department store in South Sioux City, Nebraska. Appellee furnished merchandise for sale by the Store throughout the period of the Store's existence. The Store, in 1974, experienced financial difficulties culminating in a liquidation or "going out of business" sale commencing in early 1975 and continuing until the Store closed permanently in June 1975. Appellee contributed substantially to what success the liquidation sale had by consigning promotional merchandise to encourage traffic through the Store during the sale and by furnishing an employee to assist appellant during part of the sale. All secured creditors of the Store were in fact paid in full from the sale proceeds. Appellant was paid his regular salary throughout the sale and it is clear that the only substantial creditor not receiving payment in full was appellee.

Considering the proof and the permissible inferences therefrom most favorably to appellee, as we must, it appears that appellant was desirous of relocating and continuing in the department store business. To that end, during the closing months of the liquidation sale, he repeatedly solicited appellee's aid in obtaining a new location and, in conjunction with such requests for assistance, repeatedly promised to assume and pay the Store's debt to appellee.

Appellee thereupon, and in reliance upon appellant's promise to assume the debt, proceeded to ac-

tively and effectively seek out new locations for appellant and eventually prepared, at considerable expenditure of its officers' and employees' time and its costs necessarily attendant thereto, a comprehensive and detailed market survey of the Spirit Lake, Iowa, area. The market survey concluded that an operation there, such as appellant contemplated, would have an excellent chance for success. Appellee's efforts, activities, and expenditures in this regard clearly operated to the benefit of appellant and gave rise to an obligation independent of the original debt. The completed market survey was delivered to appellant but, for reasons not disclosed by the record, appellant failed to relocate.

The proof and the permissible inferences therefrom are such that the trial court's conclusions that appellant orally promised to answer for the debt of his family corporation, that appellant's principal object in so promising was not to become a guarantor but was to promote his own interests in connection with relocating and continuing in business, that the promise was made on sufficient new consideration, and that the promise was therefore not within the statute of frauds, cannot be said to be clearly wrong.

AFFIRMED.